MacAdam, *Appellant*, v. Scudder, *Executor*.

Division One, March 12, 1895.

1. **Pleading**: INDEFINITENESS OF PETITION: PRACTICE. Where a petition in an action against an estate in course of administration, sets up a claim in gross for sundry services rendered at divers times during a period of twenty years in the lifetime of the deceased, without specifying the items upon which the recovery is sought or their respective values, the court may, on motion of the executor, require the petition to be made more definite and certain, and, on plaintiff's election to stand on the petition, may dismiss the cause.

2. ——: ——: ——. Indefiniteness and uncertainty in a petition are properly reached by motion, and not by demurrer.

*Appeal from St. Louis City Circuit Court.*—Hon. Daniel Dillon, Judge.

Affirmed.

*E. T. & C. B. Allen* for appellant.

(1) That defendant's ignorance, arising from the alleged indefinite and uncertain character of the petition, rendered him unable to have any idea as to what evidence he will be called upon to meet, is no reason why the pleading should be made more definite and certain by amendment. Section 2060, Revised Statutes, 1889, provides that: "No party shall be required to state evidence in his pleading or to disclose therein the means by which he intends to prove his case." *See v. Cox*, 16 Mo. 166; *Sanders v. Anderson*, 21 Mo. 402; *Railroad v. Kenny*, 41 Mo. 273; *Gates v. Watson*, 54 Mo. 591; *Lessing v. Sulzbacker*, 35 Mo. 445; *Stix v.*

*Matthews,* 63 Mo. 374; *Wiggins v. Graham,* 51 Mo. 17; *Murphy v. Price,* 48 Mo. 250; *Miles v. Jones,* 28 Mo. 87. (2) The provisions of section 2057, Revised Statutes, 1889, have reference to an indefiniteness and uncertainty regarding the nature of the cause of action. They do not refer to the particulars or circumstances of time and place, when the nature of the cause of action is definitely and certainly stated. Section 2057 should be considered in connection with sections 2039, 2055 and 2060. *McNees v. Railroad,* 22 Mo. App. 224; *Christie v. Railroad,* 94 Mo. 453; *Weese v. Brown,* 102 Mo. 303; *Butts v. Phelps,* 90 Mo. 670. (3) Like interpretation of a similar provision obtains in other states. 3 R. S. (N. Y.) 1875, p. 493, sec. 160; *Cook v. Matheson,* 33 N. Y. 497; *Tilton v. Beecher,* 59 N. Y. 183; *McCarthy v. Railroad,* 24 N. Y. 924; *Brown v. Champlin,* 66 N. Y. 219; *O'Brien v. Ottenburg,* 28 N. Y. Supp. 607; *Agnew v. Railroad,* 13 Civ. Pro. R. 25; *Durant v. Railroad,* 15 Civ. Pro. R. 193; 1 Bliss (N.Y.), Annotated Code, p. 660; *Derringer v. Pugh,* 7 Ohio Cir. Ct. R., 158; 3 Deering's Codes and Statutes of California, p. 173, sec. 430; *Burns v. Cushing,* 96 Cal. 669. (4) The court below erred in dismissing the cause. There remained in the petition averments not mentioned in defendant's motion, stating in the most definite and precise form all the substantive facts necessary to constitute a cause of action, as to which averments no demurrer had been filed, and no complaint made by motion. *Hughes v. Railroad,* 45 N. Y. Supr. 114; *Norman v. Hooker,* 35 Mo. 366; *Taylor v. Pierson,* 1 Mo. App. 39. (5) It is not necessary to state in a petition the value attached to each particular service, regarding the same subject-matter. *Derringer v. Pugh,* 7 Ohio Cir. Ct. R., 158; *Donohue v. Pomeroy,* 19 N. Y. Supp. 569. (6) Failure to state the precise dates of particular services can not be corrected by a motion to

make pleadings more definite and certain. Such failure does not constitute indefiniteness or uncertainty as to the nature of the cause of action. *Burns v. Cushing,* 96 Cal. 669. (7) In states where bill of particulars can be called for, the details required by defendant's motion would not be required. *Hart v. Spect,* 62 Cal. 187; *Fry v. Trust Co.,* 24 N. Y. Sup. 573; *Richmond v. Woolfork,* 22 N. Y. Supp. 1049; *Constable v. Hardenbergh,* 76 Hun, 437; *Mellen v. Mellen,* 17 N. Y. Supp. 866.

*Douglas & Scudder, Rowell & Ferriss* and *Judson & Taussig* for respondent.

(1) The court committed no error in ruling the plaintiff to make his amended petition more definite and certain by amendment. The amended petition is on an account; and the items of the account are not set forth with sufficient particularity. Account defined: *Labadie v. Maguire,* 6 Mo. App. 573; *Glass Factory v. Reid,* 5 Cow. 593; *Whitwell v. Willard,* 1 Met. 217; *Nelson v. Commissioners,* 105 Ind. 287; *Haygood v. Blythe,* 38 Fed. Rep. 76; *Ring v. Jamison,* 66 Mo. 428. (2) Account and bill of particulars are identical in certain cases. *Dowdney v. Volkenning,* 5 Jones & S. 313; *Shankland v. Bartlett,* 17 Civ. Proc. Rep. 24. (3) The account must show the particular items. R. S. 1889, sec. 2075; *Rude v. Mitchell,* 97 Mo. 273; *Fullerton v. Gaylord,* 7 Rob. 551; *Ottman v. Griffin,* 17 Civ. Proc. Rep. 184; *Jones v. Illsley,* 1 Allen, 273; *Mathews v. Hubbard,* 47 N. Y. 428. Dates must be given. Tidd's Practice, 597; *Quinn v. Astor,* 2 Wend. 577; *Brewster v. Sackett,* 1 Cow. 571, and note; *Daurant v. Co.,* 15 C. P. R. 193; *Tilton v. Beecher,* 59 N. Y. 176; *People v. Tweed,* 5 Hun, 353, 360; *McLaughlin v. Kelly,* 22 Abb. (N. C.) 286; *Goodwin v. Walls,* 52 Ind. 268; *Swain v.*

*Roberts*, 1 Moody & Rob. 452. (4) The items of the account must be stated with sufficient particularity to apprise the adverse party of just what claims he has to meet. *Watkins v. Donnelly*, 88 Mo. 322; *McLaughlin v. Kelly*, 22 Abb. (N. C.) 286; *Tilton v. Beecher*, 59 N. Y. 176; *Dwight v. Ins. Co.*, 84 N. Y. 493; *Cicotte v. Wayne Co.*, 44 Mich. 173; *Stothoff v. Dunham's Ex'r*, 19 N. J. L. 181. (5) The proper procedure under the statutes of this state in a case when an account or pleading is filed which is not sufficiently particular, is to move for an order requiring it to be made more definite and certain. *Meyer v. Chambers*, 68 Mo. 626; *Baker v. Raley*, 18 Mo. App. 562; *Watkins v. Donnelly*, 88 Mo. 322. (6) Where a motion to make more definite and certain is properly sustained and the plaintiff refuses to amend, the defendant is entitled to have the case dismissed. *Hill v. Meyer*, 47 Mo. 585; R. S. 1889, secs. 2057, 2066, 2211.

BRACE, P. J.—The plaintiff in this action seeks to recover the sum of $34,000 upon *quantum meruit* for services alleged to have been rendered the late Henry Shaw, deceased, between the years 1868 and the date of his death, in the year 1889. The amended petition is too long to be set out; a statement of its general features and tenor will be sufficient for the purposes of this opinion.

After reciting the donation to the city of St. Louis by the said Shaw in 1868 of Tower Grove Park, and by his will, of the "Missouri Botanical Garden," and alleging that the scheme thereof was conceived by the said Shaw prior to the year 1869, at which date he had attained the age of about seventy years, and other matters of inducement, the petition proceeds to state that: "Beginning in the year 1869 and, except in cases of temporary absence, continuously from that

time, until the death of said Henry Shaw, on the twenty-fifth day of August, 1889, and at the instance and request of said Henry Shaw and in connection with the matters and affairs above stated and hereafter mentioned, plaintiff rendered to Henry Shaw services in relation, not only to personal affairs, but to matters connected with and growing out of, the grant he had made of Tower Grove Park to the city of St. Louis; and relating to matters connected with and growing out of the purpose of said Henry Shaw, as finally embodied in his will, and in relation to matters having regard to other grants and purposes which he had under consideration.

"The services rendered by the plaintiff, as aforesaid, involved frequent consultations and meetings with said Henry Shaw at his city residence and at Tower Grove; plaintiff's residence being at a distance from either place. Such consultations had to do with the attitude of public opinion toward Mr. Shaw's plans, and the means by which such public opinion could and should be directed and enlightened; with matters relating to or connected with the management of the park and garden; the effect this or that proposed city legislation would have on said plans and places; what statuary would be most appropriate for the ornamentation of Tower Grove Park; what artists should be commissioned to execute works determined upon; what persons should be invited to make addresses at the public presentation and unveiling of statues; what persons should be invited on social or other occasions to meet Mr. Shaw, whose personal influence and importance might be useful in advancing any of the matters aforesaid; also, as to specific matters of business, legal or otherwise, in the hands of plaintiff for Mr. Shaw; also as to various matters of property and investments; what shape should be given to those portions of his

will pertaining to public bequests; who should be the executor under the will; who should be named as trustee under the will; and the conditions and restrictions which should be placed upon the public bequests; also as to numerous and various matters of a personal character.

"Plaintiff during the twenty years prior to the death of the said Henry Shaw occupied a very large portion of his time, when in the city, at Mr. Shaw's request, in carrying out conclusions arrived at during such consultations, in attending to matters affecting the interests of said Henry Shaw in conferring with city officials, in appearing before committees of the city assembly, in preparing articles for the press, in correspondence and literary work, in inviting speakers and consummating arrangements for public or semipublic gatherings at Tower Grove Park or at the residences of said Henry Shaw. Said services as above described are more specially set forth, together with the reasonable value thereof, in the following paragraphs:"

Then follow twenty-one paragraphs, the general features of all of which will be sufficiently disclosed for present purposes by the first, middle and last of said paragraphs, which are as follows:

"P. 1. The services rendered by plaintiff during the period above stated, at the instance and request of said Henry Shaw, in the preparation and publication of various articles on subjects connected with the Missouri Botanical Garden and Tower Grove Park, including an article to be embraced in a descriptive catalogue of the Missouri Botanical Garden, a work Mr. Shaw had in preparation, were reasonably worth the sum of $2,500.   *  *  *

"P. 11. The services rendered by plaintiff during the period aboved named, at the instance and request of said Henry Shaw, respecting the various statues and

busts donated by said Henry Shaw for the ornamentation of Tower Grove Park, including advice to said Shaw as to the character and design of said works, and artists to be employed for the execution of the same, the sites to be selected for said statues and busts, and the arrangements and correspondence necessary to their public presentment; also advice and inquiries respecting a proposed clock tower; also as to a proposed establishment of a zoological department at Tower Grove, were reasonably worth the sum of $2,500 * * *

"P. 21. The services rendered by plaintiff, and the time occupied by him at the instance and request of said Shaw, during the period above named, in consultations at his city residence, and at Tower Grove, respecting matters hereinbefore indicated, the value of which is not included in the amounts before named, were reasonably worth the sum of $10,000.

"The services rendered by plaintiff to said Henry Shaw as aforesaid, were not paid for by him during his lifetime, and have not since been paid for. At the death of the said Henry Shaw, there was, and still is, due plaintiff for said services the sum of $34,000, for which amount, together with interest and costs, plaintiff prays judgment against the estate of said Henry Shaw."

To this petition, the defendant filed the following motion:

"Now comes the defendant herein, and shows to the court that the statements of the cause of action in plaintiff's amended petition in this cause are so indefinite and uncertain that the precise nature of the charges is not apparent, in the following particulars, to wit:"

Which particulars are set out in the motion *seriatim* with the paragraphs of the petition, the general scope

of which will be sufficiently disclosed by those applicable to the three paragraphs of the petition herein set out, and which are as follows:

"By P. 1 of said amended petition, plaintiff seeks to recover $2,500 for alleged services rendered by plaintiff to defendant's testator at some time between 1869 and 1889, 'in the preparation and publication of various articles on subjects connected with the Missouri Botanical Garden and Tower Grove Park, including an article to be embraced in a descriptive catalogue of the Missouri Botanical Garden, a work Mr. Shaw had in preparation,' without stating how many of such articles he had prepared, how many of such articles he published, at what date such articles were prepared, at what dates such articles were published, what charge he makes for each of such articles prepared, what charge he makes for each of such articles published, or at what place such articles were published, and without stating anything which serves to advise defendants as to what evidence he should prepare himself to meet. * *

"By P. 11 of said amended petition, plaintiff seeks to recover the sum of $2,500 for services rendered 'respecting the various statues and busts donated by said Shaw for the ornamentation of Tower Grove Park, including advice to said Shaw as to the character and design of said works, the artists to be employed for the execution of the same, the sites to be selected for said statues and busts, and the arrangements and correspondence necessary to their public presentment; also advice and inquiries respecting a proposed clock tower; also as to a proposed establishment of a zoological department at Tower Grove,' without stating what services were rendered respecting the statues and busts, aside from giving advice as recited, when such services were rendered, or what charge he makes therefor; without stating when the said advice was given or what

Macadam v. Scudder.

charges he makes for his advice given on the several subjects mentioned in the paragraph.   *   *   *

"By P. 21 of said amended petition, plaintiff claims the sum of $10,000 for 'services rendered by plaintiff and time occupied by him at the instance and request of said Shaw, during the period above named' (1869 to 1889) 'in consultations at his city residence and at Tower Grove, respecting matters hereinbefore indicated, the value of which is not included in the amounts above named,' without stating how many consultations he held with said Shaw, the time when such consultations were held, whether at the dinner table or otherwise, what was the subject-matter of such consultations, or what is his charge per consultation, and without stating which of the preceding items fails to state the full amount of his charge for the services therein indicated and is supplemented by the charge in this paragraph.

"That, by reason of the indefiniteness and uncertainty of the said amended petition as aforesaid, this defendant is in ignorance as to the matters against which he is called upon to defend the estate in his charge; that, by reason thereof, he is unable to make satisfactory answer to said petition, or to have any idea as to what evidence he will be called upon to meet at a trial of the case made by said petition.

"Wherefore he prays the court for a rule upon the said plaintiff requiring him to make his said amended petition more definite and certain in the respects hereinabove pointed out."

The court sustained the motion. The plaintiff excepted, declined to amend, and elected to stand upon his petition. Thereupon the court ordered the cause dismissed, rendered judgment against the plaintiff for costs, and he appeals.

I.  The statute requires (Code of Civil Procedure, art. 5. chap. 33, Revised Statutes, 1889) that the petition shall contain "a plain and concise statement of the facts constituting a cause of action without unnecessary repetition," and the plaintiff may unite in the same petition several causes of action, whether legal or equitable "where they all arise out of contract * * * express or implied." "But the causes of action so united * * * must be separately stated with the relief sought for each cause of action in such manner that they may be intelligently distinguished." Only the substantial facts constituting the cause of action, however, and not the evidence to support it, are required to be stated, and it is not necessary "for a party to set forth in a pleading the items of an account therein alleged, but if they be not set forth, he shall attach to his pleading, referring to it therein, a copy of the account, which shall be a part of the record; but if they be not set forth in, or attached to, said pleading, he shall be precluded from giving evidence thereof." It is also provided that "when the allegations or denials of a pleading are so indefinite or uncertain that the precise nature of the charge or denial is not apparent, and when they fail in any other respect to conform to the requirements of the law, the court may require the pleading to be made definite and certain, and otherwise to conform to the law, by amendment."

The general nature of plaintiff's cause of action is sufficiently apparent upon the face of the petition. It is an action for the value of services alleged to have been rendered to Mr. Shaw at his request, during the twenty years immediately preceding his death. The petition sets up but one cause of action, and that is an action upon a one-sided account for sundry services at divers times during that period, without specifying the items, upon which the plaintiff might recover, provided

the evidence should show upon trial that the account was a current one, and that one or more of the charges were not barred by the statute of limitations. *Chadwick v. Chadwick*, 115 Mo. 581; *Ring v. Jamison*, 66 Mo. 424.

The twenty-one specifications set out in the petition consist of mere groupings of the general charges made in the body of the petition. The vice of these specifications is that they do not specify. Every item of the account upon which the plaintiff seeks to recover, and which goes to make up the amounts of these general charges and the aggregate thereof, the executor had a right to dispute by pleas and proof—a right he could not intelligently exercise without an itemized statement of the account running through this long period. It was the privilege of the plaintiff, either to set forth those items in his petition, or to attach and file therewith an account, setting them out. He did neither.

That the court under the statute had the power to require him to do either the one or the other is beyond question; and that the proper method of exercising this power is by a rule requiring the petition to be made more definite and certain has been frequently held. *Watkins v. Donnelly*, 88 Mo. 322; *Meyer v. Chambers*, 68 Mo. 626; *Baker v. Raley*, 18 Mo. App. 563.

Upon the refusal of the plaintiff to comply with the rule, and amend his petition, the court committed no error in dismissing the cause. This was the only alternative left to the court by which its authority could be maintained. The fact that the petition contained a statement of a cause of action, is no reason why it should not have been dismissed. The petition was not obnoxious to this motion because it did not state a cause of action, but because the statement of the cause of action was so indefinite and uncertian that "the precise nature of the charges" upon which the plaintiff sought

to recover, was not apparent. The defect could not have been reached by demurrer. The proper way to reach it was by motion. Bliss on Code Plead. [2 Ed.], sec. 425a. The judgment is affirmed. All concur, except BARCLAY, J., not sitting.