## SAALFIELD v. CUTTING.

(Supreme Court, Appellate Division, First Department. March 23, 1900.)

COMPLAINT—MAKING MORE DEFINITE.

Plaintiff having been required to make his complaint more definite as to whether he claims agreed compensation for performance, or damages for not having been permitted to perform, and his second as well as his first amended complaint failing to do this (the second, by the seventh clause, alleging that plaintiff was prevented by certain acts of defendant from performing his agreement, and thus became entitled to damages, and by the eighth clause alleging that, by certain other acts of defendant, plaintiff was prevented from carrying out the terms of his agreement, and that "pursuant to the aforesaid agreement of employment he interested parties of means, who were ready and willing to purchase the property as aforesaid on terms in accord with the proposition made by the defendant to the plaintiff"), plaintiff must strike out either this paragraph, or the rest of the eighth clause and all the seventh; otherwise, both clauses will be stricken out.

Appeal from special term, New York county.

Action by Richard A. Saalfield against William Bayard Cutting. From an order denying a motion to strike out the original, the amended, and the second amended complaints, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

J. Archibald Murray, for appellant.

I. H. Kramer, for respondent.

BARRETT, J.   The plaintiff has persistently refused compliance with the orders requiring him to state whether he claims agreed compensation for performance, or damages by reason of his not having been permitted to perform.   He was required to make his complaint more definite and certain in this regard by an order of the special term entered on the 10th day of January, 1899.   Thereupon he served an amended complaint, which was subsequently held to be equally indefinite and uncertain.   The latter decision was made upon the 21st day of November, 1899, when the plaintiff was again, by a further order, specifically required to comply with the order of January 10, 1899, and to allege whether he "intends to claim that he performed the required services, and became entitled to the agreed compensation, or that he was prevented by the defendant from performing his agreement, and thus became entitled to damages."   This was followed by a second amended complaint, which in this particular contains substantially the same statements as those which were before the court when the plaintiff was required to make the first amended complaint more definite and certain.   In the eighth clause of the latter complaint the plaintiff averred that, pursuant to his agreement with the defendant, he procured a purchaser for the latter's property, but that the defendant sold the property, and thereby prevented the plaintiff from completing, "to his damage in the sum of $50,000."   It was because of the supposed indefiniteness and uncertainty of this allegation that the order of November 21, 1899, was made.   The plaintiff was by that order, in substance, required to state clearly whether he relied upon the allegation that he had procured a purchaser, or the allegation that he was prevented from completing the transaction. We find that the eighth clause of the second amended complaint is practically but a repetition of the very language which the plaintiff was thus required to make more definite and certain.   He now says that he procured, not a purchaser, but parties of means who were ready and willing to purchase on the defendant's terms.   The rest of the clause is the same as that contained in the first amended complaint.   The plaintiff did not appeal from either of the orders, and the only question, therefore, is whether he has complied with the last.   It is plain that he has not.   He has simply repeated the old allegation, in another form of words.   The time has come, therefore, when the court should apply the proper remedy for this persistent refusal to comply with its orders.   We do not think, however, that it was necessary or proper to strike out the entire complaint.   The seventh clause alleges that the plaintiff was prevented by certain acts of the defendant from performing his agreement, and thus became entitled to damages.   The eighth clause again alleges that by reason of certain other acts of the defendant the plaintiff was prevented from carrying out the terms of his agreement. But he also alleges in this latter clause that, "pursuant to the aforesaid agreement of employment, he interested parties of means who were ready and willing to purchase the property as aforesaid on terms in accord with the proposition made by the defendant to the plaintiff."   If the plaintiff relies upon this paragraph, he must strike

out the rest of the eighth clause and all of the seventh. If he does not rely upon it, then he must strike it out. Both clauses should be stricken out unless he so elects, and serves an amended complaint with the paragraph above quoted stricken from the eighth clause, or an amended complaint with that paragraph retained and all the rest of the eighth clause and the whole of the seventh stricken out. This was competent upon the prayer for other and further relief, and it was the relief which should have been granted.

The order appealed from should therefore be reversed, with $10 costs and disbursements, and the motion granted to the extent and in the manner specified in this opinion, without costs. All concur.