## FAILURE TO COMPLY WITH ORDER OF COURT WITH REFERENCE TO PLEADINGS.

Circuit Court of Cuyahoga County.

REBECCA HARRISON v. WALLACE I. KNIGHT, ADMINISTRATOR.

Decided, February 5, 1912.

*Striking Pleadings from Files.*

The right to strike pleadings from the files because of the failure or refusal of the parties filing them to comply with orders made in respect thereto, is inherent in the courts, and it is no valid objection to the exercise of this right that the pleading ordered stricken off states a cause of action or a good defense.

*Kerruish, Kerruish, Hartshorn & Spooner,* for plaintiff in error.

*Morgan & Litzler,* contra.

NIMAN, J.; WINCH, J., and MARVIN, J., concur.

The parties to this action, standing in the same order as in the court below, will be referred to as plaintiff and defendant, respectively.

On April 10, 1907, the plaintiff filed her petition against the defendant. The defendant filed a motion seeking to have certain matter stricken from the petition. This motion having been granted, the plaintiff, by leave of court, filed an amended petition. The defendant then filed a motion asking to have certain matter stricken from the amended petition, which was granted. The plaintiff thereupon obtained leave to file a second amended petition. This second amended petition having been filed, the defendant filed an answer thereto, to which answer the plaintiff filed a reply.

The defendant thereafter moved against this reply, and on hearing of the motion, the court ordered certain matter stricken therefrom. Leave was then given to the plaintiff to file an amended reply by a stipulated day. The plaintiff, however, did not file an amended reply but did obtain leave of court to file

another amended petition. After the third amended petition was filed, the defendant moved to strike from it certain allegations, and the motion was granted. The plaintiff again obtaining leave of court, filed a fourth amended petition, which, on motion of the defendant, was stricken from the files. Thereafter, the plaintiff filed, by leave of court, a fifth amended petition, which was also, on motion of the defendant, stricken from the files.

In striking the fifth amended petition from the files the court made the following order:

"The motion to strike the fifth amended petition from the files is heard and granted, at the plaintiff's costs, for which judgment is rendered against her, and said fifth amended petition is hereby stricken from the files. Plaintiff is refused permission to file any further pleadings in this cause. To all of which the plaintiff excepts."

This order was made on the 27th day of November, 1911. Previous to this date, on July 1, 1911, the defendant filed an amended cross-petition on which he caused summons to issue against the plaintiff. The summons was served on her on the 8th day of November, 1911.

The matter ordered stricken from the petition was in substance embodied in the various amended petitions filed by the plaintiff, and was incorporated in the reply.

The plaintiff seeks a reversal of the action of the court of common pleas in striking her fifth amended petition from the files and in making the order which has been quoted.

When the court ordered certain allegations stricken from the petition, it was the duty of the plaintiff, and of her counsel, to omit such allegations from all subsequent pleadings. Instead of doing this, however, the plaintiff, with slightly different phraseology, embodied substantially the same allegations in all of the various pleadings filed by her. In five amended petitions and one reply the decision of the court was ignored, and practically no attention paid to it. The filing of pleadings framed in disregard of the order of the court extended over a period of more than four years, and seems to have developed into a contest of endurance.

It was within the power of the court to take such steps as would secure obedience to its orders, and to punish for contempt if necessary. Neither a party to the action, nor an attorney engaged therein, had any right to continue indefinitely to file pleadings containing matter which the court had decided repeatedly to be improper.

The method of securing obedience to its order was within the discretion of the court, and unless that discretion has been abused, or the court has exceeded its powers, the order made should not be disturbed.

The right to strike pleadings from the files because of the failure or refusal of the parties filing them to comply with orders made in respect thereto, is inherent in the courts, and frequent instances of its exercise are not found wanting.

In *Howard* v. *Western Union Telegraph Co.*, 25 Ky. L. Rep., 828, the question was before the court and it was there held that the refusal to comply with an order properly granted, to make a petition more specific is an act of contempt, rendering a dismissal of the action proper. See also *Saqlfeld* v. *Cutting*, 49 N. Y. App. Div., 640.

It is no valid objection to the exercise of this right, that the pleading ordered stricken off states a cause of action or a good defense, as the case may be. This subject was considered in *Macadam* v. *Scuddy*, 127 Mo., 345. In the opinion, page 355, it is held:

"Upon the refusal of the plaintiff to comply with the rule and amend his petition, the court committed no error in dismissing the cause. This was the only alternative left to the court by which its authority could be maintained. The fact that the petition contained a statement of a cause of action, is no reason why it should not have been dismissed. The petition was not obnoxious to this motion, because it did not state a cause of action, but because the statement of the cause of action was so indefinite and uncertain that 'the precise nature of the charges' upon which the plaintiff sought to recover was not apparent. The defect could not have been reached by demurrer. The proper way to reach it was by motion."

We decide, therefore, that the sustaining of the motion to strike the fifth amended petition from the files was an act within

the power of the court, and that the order in so far as it directed said amended petition to be stricken from the files was properly made, but the court went beyond this, and embodies in its order a provision that the plaintiff was refused permission to file any further pleadings in the cause.

In view of the fact that the defendant had caused summons to issue on his amended cross-petition, which was served on the plaintiff on the 9th day of November, 1911, we consider that the plaintiff had an absolute right to plead to this amended cross-petition. At the time the order was made, November 27, 1911, the time given her by statute for so pleading had not expired, and she was deprived of a right given her by statute.

The judgment or order of the court of common pleas striking the fifth amended petition from the files is therefore affirmed, but so much of said judgment or order as refused the plaintiff permission to file any further pleadings in the cause is reversed, and the cause is remanded to the court of common pleas for further proceedings.