## John J. Lovette v. Frank H. Essig.

*Justices' courts—Pleading—Failure to file bill of particulars—Discontinuance of suit.*

1. Where a plaintiff refuses to comply with the order of the justice to file a bill of particulars where properly demandable, the justice may exclude all testimony on his part and dismiss the case, such refusal being a virtual discontinuance of the suit; citing How. Stat. § 6880; *Peterson v. Tilden*, 44 Mich. 169.

2. Where in such a case a motion to dismiss is refused, the consent of the defendant to an adjournment, and his pleading to the declaration and joining in striking a jury, will not preclude him from objecting to the reception of any evidence on the trial.

3. An oral declaration in justice's court upon the common counts, and especially upon a certain contract to rent a house by which the plaintiff agreed to execute and the defendant to accept a lease for one year, at the annual rental of $120, payable in monthly installments of $10 each, which lease was ready and willing to be executed by the plaintiff, and which the defendant refused to accept, contains no intelligent or proper statement of the cause of action on the agreement, it not appearing what property the lease was to cover, which the defendant was entitled to know in order to make his defense; and, if not stated in a bill of particulars, the declara-

tion should be amended so as to apprise the defendant of the precise claim against him.

Error to Cass. (O'Hara, J.)    Argued June 21, 1892. Decided July 1, 1892.

*Assumpsit.*    Defendant brings error.    Reversed.    The facts are stated in the opinion.

*Freeman J. Atwell,* for appellant.

*Coy W. Hendryx* (*Hendryx & Hammond,* of counsel), for plaintiff.

MORSE, C. J.    The plaintiff sued the defendant in justice's court in "a plea of trespass on the case, to his damage $300 or under."    On the return-day the parties appeared, and the plaintiff declared against the defendant orally—

"In a plea of trespass on the case upon the common counts, and especially on a certain contract to rent a house, etc. (see Exhibit A), and claims damages one hundred dollars."

The above is taken from the justice's return.    Exhibit A is as follows:

## "Specially.

"On a certain contract or agreement made and executed on, to wit, the — day of ——, 1889, wherein and whereby said plaintiff agreed to execute a lease to and said defendant to accept a lease on to wit, the 7th day of August, A. D. 1890, said lease to be executed for one year, at the annual rental of one hundred and twenty dollars, payable in monthly installments of ten dollars each, which said lease was ready and willing to be executed by said plaintiff, and which said lease said defendant refused to accept, and still does refuse, to plaintiff's damage one hundred dollars."

The defendant pleaded the general issue, and demanded the plaintiff's bill of particulars.    The court ordered the

bill of particulars to be filed within 10 days, and by agreement of the parties the cause was adjourned 14 days. On the adjourned day the plaintiff refused to file a bill of particulars. The defendant moved the court to strike out the common counts, and dismiss the case. The court granted the first part of the motion, but refused to dismiss. When the case came on for trial defendant objected to any evidence on the part of the plaintiff, for the reason that there was no issue. The objection was sustained by the court, and the case dismissed. Upon *certiorari* to the circuit, it was ordered that the judgment of the justice be reversed, and that the plaintiff recover his costs against the defendant.

The circuit court was in error. The demand for a bill of particulars applied to Exhibit A as well as to the common counts. There was no intelligent or proper statement of the cause of action in Exhibit A. What property the lease was to cover does not appear. The defendant was entitled to know this to make his defense; and, if not stated in a bill of particulars, the declaration should have been amended so as to apprise the defendant of the precise claim against him.

It is claimed the justice had no right to dismiss the case, and discharge the jury which had been impaneled to try the cause; that the declaration, if defective, should have been demurred to. When the plaintiff refused to file a bill of particulars, he could give no evidence in the cause, and such refusal was a virtual discontinuance of his suit. How. Stat. § 6880; *Peterson v. Tilden,* 44 Mich. 169.

The case should have been dismissed when the motion was first made. The fact that the defendant consented to adjournments afterwards, or that he had pleaded to the declaration, or joined in striking the jury, did not preclude him from making the objection to the reception

of any evidence upon the trial. *Peterson v. Tilden,*
*supra.*

It is unnecessary to notice the other points raised on .
the argument.

The judgment of the circuit court is reversed, with
costs of this Court and the circuit to the defendant.

McGRATH, GRANT, and MONTGOMERY, JJ., concurred.
LONG, J., did not sit.