BLANCHARD, J.
The plaintiff instituted suit against the defendant, a non-resident, claiming $2,094.13 on account of advances made on consignments of horses to him by the defendant for sale at auction in the City of New Orleans, on account of freight bills and charges paid by him on the horses so consigned, and on account of the keep of the horses consigned, such as feeding, stabling them, etc., including sums of money paid out for incidentals connected with the care of the horses.
He averred he had then in keeping at his stables twenty-four head of horses held for account of defendant, upon which he claimed a privilege to secure the amount for which defendant was indebted to him.
He made the usual allegations for sequestration and prayed for the issuance of that writ and the seizure of the horses thereunder.
He also made the usual allegations necessary for a writ of attachment against a nonresident debtor and prayed for that writ and for seizure of the horses thereunder.
The writs issued and the horses were seized.
Whereupon Joseph H. Jordan & Co., of Atlanta, Georgia, intervened in the suit and set up ownership to fourteen of the horses seized, valued at $1,500.00, and John W. Jordan, Jr., of Atlanta, intervened and set up ownership to seven of the horses seized.
These claims about covered all of the horses which were in plaintiff’s stable when he commenced suit.
The intervenors demanded the right to bond the horses claimed by them, and this right being accorded, they executed bonds *432 with security and the horses were released to them.
Joseph H. Jordan, of the firm of Joseph H. Jordan & Co., is the brother of R. W. Jordan, defendant in the suit, and John W. Jordan, Jr., is the father of the defendant.
The petition of the intervenors having merely averred their ownership of the horses, without giving any more information than that they were mares and geldings, plaintiff excepted to the same as being too vague, general and indefinite. The exception maintains that the petition is deficient in that it fails to set forth the names and descriptions of the horses claimed, the date or dates when acquired, and the source or sources of their acquisition; and it averred that because of these deficiencies the exceptor is denied information necessary to his defense.
While he who claims the ownership of movable property is not ordinarily held to that strictness and fullness of description and pleading necessary when immovable property is the object of the suit, yet under circumstances like those here appearing, where a father and brother of the defendant, all nonresidents of the State, suddenly assert themselves as owners to horses which were consigned to plaintiff in the name and for account of his debtor, it was entirely proper for the trial Judge to hold the exception well taken to the extent of requiring the intervenors to amend their petition so as to give the information called for in the exception.
How else was plaintiff to know to whom to address interrogatories with the view of testing the sufficiency of • the intervenors’ claim of ownership, unless he is apprised of the names and addresses of the vendors from whom intervenors’ title is claimed to have been derived, and is given such other information as to names and descriptions of horses, places and dates of purchase, etc., as will enable him intelligently to frame his interrogatories ?
That information was in the possession, peculiarly, of intervenors, and it should have been forthcoming at once on the demand of the plaintiff for it. That is to say, the petition of intervention should have been amended so as to give in detail the name and description of each horse or mare claimed, the date and place of purchase of same by intervenors, the price of such purchase, if possible, and the name and address of the person from whom each horse was purchased.
This information should have been so given that plaintiff would be apprised when, where, from whom and, if possible, at what price each horse claimed (naming the horse) was purchased, and the address of the seller should be added.
In obedience to the ruling of the court requiring the amendment, intervenors filed an amended petition purporting to give the information sought, but it did not do so with that degree of fullness called for by the Judge’s order.
The amendment, while giving the names of those from whom the horses were purchased and the places of purchase, failed to give the names of the horses, a description of them, tlie dates of the respective purchases, and the price or other consideration given for each horse.
Whereupon plaintiff renewed his exception, suggesting to the court failure of compliance on part of the intervenors with the court’s order of amendment.
Again the court ruled against the intervenors, requiring them to again amend their petition so as to give the information which had been called for.
Whereupon a second amended petition of intervention was filed, in which a name was given for each horse and a price stated at which each had been purchased, but no description was given by which the horse named so and so could be identified, and beyond stating that the horses were purchased in the year-1901, in the months of May, June and August, no date of purchase was given.
It will be readily seen that this was no sufficient compliance with the order of amendment.
Again, did plaintiff renew his exception, and this time the Judge, holding the intervenors, after two attempts, had failed to comply with the court’s order, dismissed the interventions.
In his reasons for judgment this passage occurs:—
“The court is satisfied that you can take the original petition of intervention and the two amendments to the petition, and it is impossible for the plaintiff in the case to tell therefrom the name of each horse purchased, the place where each horse was purchased, *434 the exact date -when he was purchased, and the person from whom he was purchased, in order that plaintiff might issue a commission from this court and test the truth of the allegations of the petition of intervention.”
We find this to be so, and it justifies the Judge in the action finally taken by him.
Judgment affirmed.