## Reid v. Lyttle, et al.

(Decided October 30, 1912.)

### Appeal from Clay Circuit Court.

1. Pleading—Definiteness at Common Law—Code Provision.—At common law a pleading was sufficiently definite if it stated the facts with such certainty as would enable the opposite party, and the court and jury, to understand the ground relied on by the pleader in support of his claim or defense; and the Code provision is to the same effect.

2. Pleading—Uncertainty of—When Demurrer Better Procedure.— While indefiniteness or uncertainty in a pleading should usually be presented by a motion that the pleading be made more definite and certain, a demurrer is the better procedure, where the uncertainty is such that the pleading states no cause of action or defense.

3. Pleading—Sufficiency of—Construction Against Pleader.—In determining the sufficiency of a pleading, it will be most strongly construed against the pleader.

J. W. STIVERS and D. W. WHITE for appellant.

H. C. FAULKNER and RAWLINGS & WRIGHT for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

By a signed paper dated October 29, 1908, appellant, S. B. Reid, and his wife, offered to sell to appellee, C. B. Lyttle all the coal and mineral rights under appellant's tract of 165 acres of land, at $5 per acre, provided the proposition should be accepted, in writing, within 90 days from its date. The option provided that upon its acceptance it was to become and operate as a bond for title for the coal and minerals under said lands, and other rights and privileges which usually go with such ownership.

On January 6, 1909, Reid's proposition was formally accepted by a writing signed "J. H. Graham, Assignee, by C. B. Lyttle, Atty. in Fact." On April 4, 1912, Reid brought this action against C. B. Lyttle, S. B. Dishman, D. L. Walker, E. G. Garrard, R. Carnahan, J. H. Graham and the Manchester Mining & Manufacturing Company, alleging that he had given such option to Lyttle, Walker, Garrard, Dishman and Carnahan, but that it had been taken in the name of Lyttle.

The petition further alleged that "the defendants, by the defendant, C. B. Lyttle, and J. H. Graham, by his agent or attorney, C. B. Lyttle, accepted said option, and had a written notice of the acceptance delivered to this plaintiff;" * * * and, "that by the acceptance of said option or offer of sale the defendants, C. B. Lyttle, S. B. Dishman, E. G. Garrard, D. L. Walker and R. Carnahan, or their assigns, undertook and bound themselves to pay" the purchase price.

A general demurrer of Lyttle, Dishman, Carnahan, Walker and Garrard to the petition, was sustained; whereupon appellant amended his petition to read as follows:

"The plaintiff, S. B. Reid, for amendment to his petition herein says that the J. H. Graham who is purported to have signed the exhibit No. 2 filed with plaintiff's petition (the acceptance) by C. B. Lyttle, Atty. in Fact, and who is designated as assignee of C. B. Lyttle and others, was, at the time of the acceptance, a sleeping, and silent partner of C. B. Lyttle, E. G. Garrard, R. Carnahan, S. B. Dishman and D. L. Walker. Wherefore, plaintiff prays as in the petition."

Upon the motion of the defendants, the court required the plaintiff "to make said amended petition

more definite and certain by alleging whether or not, the defendants were, at the time of the acceptance of the contract sued on, partners with the said J. H. Graham in the acceptance of the said contract;'' and, the plaintiff having failed to comply with that order of the court, his petition was dismissed. He appeals.

In construing the petition as amended against the plaintiff, the trial court evidently held he had failed to allege that Graham was acting as a partner with Lyttle, Garrard, Carnahan, Dishman and Walker when he accepted appellant's proposition, which is the foundation of this action. Appellees contend that the language of the amendment is general, and merely alleges that Graham was a partner with Lyttle and the other defendants, without saying that he was a partner in this particular transaction, or that he acted as a partner when he accepted appellant's offer.

Section 134 of the Code treating of amendments to pleadings, contains, among others, this provision:

''If the allegations of a pleading be so indefinite or uncertain that the precise nature of the claim or defense is not apparent, the court may require the pleading to be made definite and certain by amendment.''

At common law a pleading was sufficiently definite if it stated the facts with such certainty as would enable the opposite party and the court and jury to understand the ground relied on by the pleader in support of his claim or defense; and the code provision *supra* is to the same effect. And while indefiniteness or uncertainty should usually be presented by a motion that the pleading be made more definite and certain, a demurrer is the better procedure where the uncertainty is such as to state no cause of action or defense. Louisville Ry. Co. v. Shanklin, 98 Ind., 573; Maddin v. Railway Co., 30 Minn., 453.

Evidently, the objection to the petition in the case at bar, goes to its insufficiency rather than to its indefiniteness, since it is apparent that plaintiff is trying to recover upon the theory that Graham and the other defendants were partners and he was acting for them when he accepted the offer. The effect, however, of the ruling of the circuit judge was to hold the petition, as amended, insufficient, because it failed to show a partnership act by Graham; and in requiring plaintiff to state the neces-

sary facts in that particular, it passed upon the sufficiency of the petition.

The question for decision, therefore, is this: Is the allegation of the amended petition that Graham was, at the time of the acceptance of the option, a partner with Lyttle and the other defendants, equivalent to an allegation that he was a partner of said defendants in this particular transaction sued on, and that he accepted the option for the partnership?

It is an elementary rule of pleading that a plaintiff must state a cause of action against the defendant; and, in determining whether he has done so, the pleading is to be most strongly construed against the pleader. Applying this elementary rule to the petition, it cannot be said that it alleges that Graham was a partner with Lyttle and the other defendants in this particular transaction, or that he signed it for the partnership; it merely says he was their partner at the time he signed the acceptance.

The allegation of the petition is not inconsistent with the idea that Graham may have been a partner with Lyttle and the other defendants in some other transaction, or in many other transactions, at the time he signed the acceptance. To make his petition good, he should have gone further and alleged, in substance, that Graham was the partner of Lyttle and the other defendants in the purchase, which is the subject of this action, and that in accepting said option he was acting for the partnership. This he failed to do.

Judgment affirmed.