## WATERS v. MOORE.

### Opinion delivered January 24, 1916.

1. LIBEL AND SLANDER—PLEADING AND PROOF—VARIANCE.—In an action for slander the complaint charged defendant with saying that "there was a shortage in his (plaintiff's) accounts with the county and his bondsmen had to make it good," *held*, the essence of the allegation is the charge of official dishonesty, and where the proof on the part of the plaintiff showed that defendant stated that plaintiff had been short in some public office, and that his official bondsmen had had to make this shortage good, did not constitute a variance between the pleading and proof.

2. LIBEL AND SLANDER—PLEADING AND PROOF—VARIANCE.—There is no variance between the complaint in an action for slander, which alleged that "He (plaintiff) was short in his accounts as treasurer of Garland County, and his bondsmen had to settle his shortage," and the proof, where the witness was not sure that the office stated was clerk or treasurer, but where he did say it was one office or the other, it appearing from all the proof that the plaintiff had never held any office but that of county treasurer, and that defendant had been surety on his bond as treasurer, and had not been surety on any other bond.

Appeal from Garland Circuit Court; *Jefferson T. Cowling,* Judge on Exchange; affirmed.

*Gibson Witt,* and *A. J. Murphy,* for appellant.

1. There is a fatal variance between the allegations of the complaint and the proof. In action for slander plaintiff must prove the use of substantially the same words as those alleged in the complaint, it not being sufficient to prove the use of different words, though of the same import. 98 Ark. 312; 77 *Id.* 64. The overwhelming preponderance of the evidence is that defendant used no language derogatory to the character of plaintiff.

2. Besides the language was privileged and the evidence shows no malice. 107 Ark. 74-86; Townsend on Slander, § 365; 12 Am. Dec. 245; 2 East 426; 36 Mo. 153; 27 Am. Dec. 764; 207 Fed. 222; 131 S. W. 721; 147 Ill. App. 162; 104 Pac. 458.

3. Therefore, the court erred in its instructions to the jury; the words used were *not* slanderous *per se.* The case has been fully developed and the judgment should be reversed and the cause dismissed.

*T. P. Farmer,* for appellee.

1. The authorities cited for appellant fairly cover this case. The evidence made a case of slander. There is no variance. The words used charge embezzlement, they were slanderous *per se;* they were not privileged and malice is shown. The words were used to injure appellee with the knowledge that they were false. There is no error in the declarations of law and the judgment should be affirmed.

SMITH, J. This is an action for slander instituted by appellee against appellant, and the complaint alleged that on or about the 6th day of April, 1913, the appellant unlawfully, falsely, and maliciously spoke and published of and concerning appellee the following false, malicious and defamatory words: " 'He (meaning the plaintiff) was short in his accounts as treasurer of Garland County, and his bondsmen had to settle his shortage;' that the defendant by said language meant to charge the plaintiff with the crime of embezzlement, and that said language in its common acceptation amounted to charging the plaintiff with the crime of embezzlement." In a second count the complaint further alleged the use of the following defamatory words: " 'There was a shortage in his accounts with the county and his bondsmen had to make it good,' " it being alleged that appellant used said language with reference to appellee, meaning thereby to charge that appellee did not pay to Garland County money which he had in his hands as treasurer of said county, and that he had embezzled funds of Garland County, and that his official bondsmen were required to settle his said shortage; that said language in its common acceptation amounted to charging appellee with the crime of embezzlement.

The answer contained a general denial of the material allegations of the complaint, and denied the use of the language set out in the complaint, and at the trial of the cause appellant denied having used the language quoted. He further testified that appellee had been treasurer of Garland County, and that he had been one of

the sureties on his bond, but he denied having said that he or any one else had been called upon to pay any shortage in appellee's accounts, or that there was any shortage in his accounts.

In behalf of appellee Mr. Leo McLaughlin testified that he was present at a caucus which appellant also attended, at which time the persons present were discussing the election of a city collector; that several members of the city council expressed their intention of voting for appellee for this office, whereupon appellant expressed surprise that the councilmen present favored appellee for this position for the reason that he had been short in his accounts. The following questions were asked this witness:

"Q. Do you knew whether he said when he was treasurer of Garland County?

A. Well, he was short in his accounts in some public office. I don't remember whether it was county clerk or county treasurer or what, but he said the account was made up and paid by the bondsmen, by Mr. Moore's bondsmen at the expiration of his term.

Q. Well, did you hear anything else said by Mr. Waters about Mr. Moore?

A. Let me think just a minute. No, I don't recall anything else. It has been so long ago that I hadn't given it much thought, but he just said that Mr. Moore was short in his accounts in some office; I don't remember what office it was, some political office, though, that he had held, and the shortage had to be made up at the expiration of his term by his bondsmen."

After detailing the purpose of the caucus which appellant attended, and after stating the names of the gentlemen who were there, T. J. Pettit testified on behalf of appellee as follows:

"Q. Now, if you remember, just state what Mr. Waters said about Mr. Moore.

A. Well, in sitting at the table, it was a large round table, there was each candidate, I think there were three, each had their friends. I was for Milt Moore and one or

two others at this meeting; there were two non-committal, wouldn't say who they were for, and there were others for Watkins. I forget the names of the other candidates; I think there were three. And in talking pro and con every fellow was expressing his opinion of the different candidates. Mr. Waters made some remark about Milt Moore and seemed surprised that some of us were with him. He said, 'You ain't going to vote for him, are you?' or something like that, and some of them said, 'Yes,' and then he made some remark, his exact words I can not place; it was some remark about Milt being short with the county and that he had to pay it at one time, and he looked in his pocket—

Q. Just tell it as near as you can, Mr. Pettit, what he did say in regard to his shortage.

A. I can not remember the exact words. I know he looked in his pocket for a piece of paper. He said, 'I have it right here,' looked in his pocket for his pocket book but he didn't find it. He said, 'I guess I left it at home,' or something like that.

Q. But he said he had been short with the county?

A. He didn't say short. He just said, 'I had to pay.' Or 'Had to pay for that fellow,' or something like that; made some remark as if he had to pay something for Mr. Moore to the county or make good for something; just what his words were I can not remember now."

Upon their cross-examination these witnesses stated that they were not positive that they had quoted the exact words used by appellant, but that they had given substantially his statements as they remembered them.

Appellant insists that there is a variance between the alleged slanderous words set out in the complaint and the proof offered in support of those allegations, and the correctness of this position is the only question of importance in the case.

A similar question was raised in the recent case of *Laster* v. *Bragg*, 107 Ark. 74. In the opinion in that case the rule in such cases as stated in Townsend on

Slander, was quoted, and previous cases of our own on the subject were cited, and the discussion of the subject was closed with the following statement:

"Hence, it will be seen that while the exact words charged in the complaint were not proved, the words proved are substantially proved as laid. Both the words charged and the words proved impute the crime of larceny. The meaning of the rule above announced seems to be that if the words charged to have been spoken are proved but with the omission or addition of words not at all varying or affecting their sense the variance will not be regarded as material. While it is not necessary under the rule to prove as laid, all the words which are alleged to have been spoken by the defendant, yet so much of them must be proved as is sufficient to sustain the cause of action. As we have already seen, the actionable word in the instant case is the word 'thief' because it imputes the crime of larceny. The words accompanying it were merely descriptive and in the application of the rule to the facts of this case we conclude that the slander proved substantially corresponded with the allegation of the complaint, and there was no variance." See also, *Miller* v. *Nuckolls,* 77 Ark. 64; *Townsley* v. *Yentsch,* 98 Ark. 312; *Morris* v. *State,* 109 Ark. 530.

Applying the rule thus stated to the allegations of this complaint, we think there was no substantial variance.

(1) The second count of the complaint alleged that " 'There was a shortage in his accounts with the county and his bondsmen had to make it good.' "

The charge of official dishonesty is the essence of this allegation, and the proof on the part of appellee is that appellant stated that appellee had been short in some public office, and that his official bondsmen had to make good this shortage.

(2) Nor do we think that there was any variance between the proof and the allegations of the first count of the complaint, which count alleged that appellant had accused appellee of being short in his accounts as treasurer of Garland County, and that his bondsmen had to

settle that shortage. It is true that the witness who undertook to name the office referred to by appellant was not positive whether the office stated was that of county clerk or county treasurer, but he did say that it was one office or the other, and the proof shows that appellee had held only the office of county treasurer, and had never held the office of county clerk, and that appellant had been a surety on appellee's bond as county treasurer and had not been surety on any other bond.

The judgment of the court below is, therefore, affirmed.