## RAPP v. PARKER.

### Opinion delivered March 26, 1917.

LIBEL AND SLANDER—SPECIFIC LANGUAGE MUST BE SET OUT.—In a complaint charging slander, the defamatory words must be set out specifically.

Appeal from Desha Circuit Court; *W. B. Sorrells*, Judge; affirmed.

*X. O. Pindall* and *Lewis Rhoton*, for appellant.

It is not necessary to set out the defamatory words, the specific language. In a case like this the substance, tenor and effect are sufficient. Here it was impossible to set it all out except by verbal description. The actions and movements described are slander *per se*, even if no words were spoken. 3 Am. L. Rep. 466; 25 Cyc. 447; 9 S. W. 753; 51 N. E. 191; 91 U. S. 225; 52 Atl. 1010; 57 *Id.* 84; 119 Ark. 220; Newell on Dafamation, Libel and Slander, p. 268-9, § 34, p. 366; 51 N. E. 191; 41 *Id.* 122.

*F. M. Rogers*, for appellee.

1. The complaint only sets up the substance of the slander. It is necessary to set out in the complaint the defamatory words *in haec verba*. 13 Encl. Pl. and Pr., p. 45; 25 Cyc. 434; 24 Ark. 603; 92 *Id.* 486.

HUMPHREYS, J. This suit was instituted in the Desha circuit court, by appellant J. C. Rapp, against J. L. Parker, appellee, for damages on account of slander.

It is alleged that the appellee on several occasions, without right, truth or authority, did unlawfully and maliciously slander and speak wrongfully and falsely of appellant, as follows:

"1st. That on or about October 15, 1915, the said defendant, in Desha county, Arkansas, did falsely charge and utter to and in the presence of Hilliard Miles, that the said plaintiff had been guilty of a dishonest and unlawful transaction, towit: the act of voting twice in an election held in Desha county, towit: An election for the office of drainage commissioners of the Cypress Creek Drainage District on the ——Monday of April,

1915, by voting once for Ed Warrington and at the same election voting for one Scott McGehee, unlawfully and in violation of law. The effect of which charge so falsely made was to injure the business standing and bring into disrepute the good name and character of this said plaintiff.

"2nd. And further, about the 15th of September, 1915, a previous slander of like kind was made by this defendant against this plaintiff as follows: On said date in Desha county, Arkansas, the said defendant did invite one Ed Warrington into his private office in the court house in Desha county, Arkansas, and then and there did lock the door, draw the blinds and turn on the light and in the presence of two friends and associates of the said defendant, towit: F. M. Rogers and C. C. Hemingway, open a ballot box and take therefrom a tally sheet and poll book of the election held for drainage inspectors of Desha county, Arkansas, on the—— Monday of April, 1915, and exhibit said tally sheet with the pretended name of this plaintiff appearing thereon as a voter at said election for Scott McGehee and did then and there assert, utter and charge that the said plaintiff had at said election unlawfully voted twice for drainage inspector, once for Ed Warrington and once for Scott McGehee, unlawfully, in violation of law, and attempt to prove the said charge by exhibiting the said tally sheet to the said Warrington with the name of this plaintiff falsely appearing thereon. The effect of which charge was to injure the business standing and bring into disrepute the good name and character of this plaintiff.

"3rd. And on other and further occasions within the year 1915, the said defendant did falsely charge and utter the same slander in the presence of Frank Bond and later in the presence of Sam Defer. That each of the said charges so made against this plaintiff was false and untrue, recklessly and maliciously made."

Appellee filed a motion to require appellant to make his complaint more definite and certain, as follows:

"Comes the defendant and moves the court to require plaintiff to make the complaint herein more definite and certain, and for cause says:

1.   That the first paragraph of the complaint does not set out the language alleged to have been addressed to Hilliard Miles, but only the substance thereof.

2.   That second paragraph of the complaint does not set out the language alleged to have been addressed to Ed Warrington in the presence of F. M. Rogers and C. C. Hemingway.

3.   That the third paragraph of the complaint does not set out the language alleged to have been addressed to Frank Bond.

4.   That the fourth paragraph of the complaint does not set out the language alleged to have been addressed to Sam Defer.

5.   That the complaint does not specify the name of the precinct of which the ballot box, tally sheet and poll book therein referred to purport to evidence the returns of said election."

The trial court sustained the motion because the appellant had not set out the exact language used by appellee toward and about appellant.

Appellant declined to plead further and the court entered final judgment dismissing the complaint at appellant's cost.

The sole question in the case is whether in charging slander it is necessary to set out the defamatory words. The reasoning of the cases decided by our own court, on the various phases of slander and libel, unerringly point to the conclusion that a slander by words must be charged by setting out the specific words used.   This court said in the case of *Jackson* v. *Williams*, 92 Ark. 486, that "In actions for slander or libel the words are to be taken in their plain and natural meaning, and to be understood by courts and juries as other people

would understand them, and according to the sense in which they appear to have been used and the ideas they are adapted to convey to those who heard or read them." Unless the words used were set out, it would be impossible for judge or jury to properly construe them. In the case of *Laster* v. *Bragg*, 107 Ark. 74, this court took occasion to say in substance that it was not necessary to prove all the words alleged as spoken by a defendant, but it was necessary to prove a sufficient number of the words to sustain the cause of action. It was clearly pointed out in that case, as well as in the later case of *Waters* v. *Moore*, 122 Ark. 250, that there must be no material variance between the defamatory words alleged and the proof thereof. The great weight of authority is to the effect that the defamatory words must be set out *in haec verba*. See case note to 9 A. and E. Ann. Cas. at p. 495. The decisions of this court on the necessity of particularity of allegation in slander and libel suits seem to be in line with the weight of authority. The whole trend of the complaint was to charge the substance and effect of the language used instead of pleading the specific language and the setting thereof. The language, its setting, and circumstances under which used, are matters of allegation and proof—effect and conclusions are questions for judges and juries.

Treating the complaint as a cause of action defectively stated, a motion to make more definite and certain was the proper pleading to file; and when said motion was sustained, if the plaintiff refused to make the complaint more definite and certain in the manner required by the court, the only course open to the court was to dismiss the complaint. Treating the complaint as stating no cause of action, it was within the province of the court, when plaintiff failed to state a cause of action, to treat the motion as a demurrer and dismiss the complaint.

Finding no error in the record, the judgment is affirmed.