CENTRAL SECURITY COMPANY, Appellant, vs. MILWAUKEE-WAUKESHA BREWING COMPANY, Respondent.

*October 25—November 13, 1917.*

*Pleading: Complaint: Refusal to make definite: Dismissal.*

In an action on contract, plaintiff's refusal to comply with an order that the complaint be made more definite and certain by stating the consideration for defendant's alleged agreement and whether such agreement was in writing or oral, justified a judgment of dismissal.

APPEAL from a judgment of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Affirmed.*

A motion in this case was made to make the complaint more definite and certain, upon the following grounds: (1) By setting forth therein the consideration, if any, for the alleged promise and agreement of the defendant referred to in the complaint. (2) By stating whether the agreement referred to in said complaint was in writing or oral, and if in writing by setting forth the said agreement in full, or the substance thereof. This motion was granted, and upon refusal of plaintiff to comply with the order the complaint was dismissed and judgment of dismissal entered, from which this appeal was taken.

For the appellant there was a brief by *Glicksman, Gold & Corrigan,* attorneys, and *Floyd E. Jenkins,* of counsel, all of Milwaukee, and oral argument by *Mr. Jenkins.*

For the respondent there was a brief by *Lenicheck, Boesel & Wickhem* of Milwaukee, and oral argument by *Frank T. Boesel.*

PER CURIAM. The complaint alleged that the plaintiff at all times mentioned in the complaint was the owner of the premises known as 111 Fourth street; that the defendant was engaged in the business of manufacturing and selling beer,

and that on or about the 28th day of February, 1916, the defendant

"for valuable consideration, by it received, promised and agreed to pay towards the cost of changing the front of the premises known as 111 Fourth street, in the city of Milwaukee, a sum not exceeding three hundred and fifty ($350) dollars, and that the plaintiff, relying upon such promises and agreement, did pursuant thereto cause the said front to be changed, and that the changing of the said front cost no less than three hundred and sixty ($360) dollars, and that the defendant, although often requested, has refused and neglected to pay towards said cost of so changing the said front the sum of three hundred and fifty ($350) dollars, but has only paid one hundred and eighty ($180) dollars on account thereof, and that there is now due and owing to this plaintiff from the said defendant by reason of the foregoing the sum of one hundred and seventy ($170) dollars, together with interest as allowed by law, and that a reasonable time has elapsed since your plaintiff caused said changes to be made at the request of the said defendant, and a reasonable time has elapsed since the time the said plaintiff has paid for the cost of such change of said front."

The court is of opinion that this case is ruled by *Union Nat. Bank v. Cross,* 100 Wis. 174, 75 N. W. 992, therefore the judgment appealed from must be affirmed.

Judgment appealed from is affirmed.