JOSE J. TELCH *vs.* ISAAC HAMBURGER & another.

Suffolk.    March 11, 1927. — March 12, 1927.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Practice, Civil*, Specifications, Nonsuit, Exceptions.

The disposition of a motion that a plaintiff in an action of contract be nonsuited for failure to comply with an order of court to file specifications within a specified time rests in sound judicial discretion, and, when no abuse of discretion is shown, an exception to the allowance of such a motion must be overruled.

CONTRACT. Writ dated April 27, 1920.

Proceedings in the Superior Court upon motions for specifications and to nonsuit are described in the opinion. The plaintiff alleged an exception to an order by *Morton, J.,* that he become nonsuit.

*E. F. Shamon,* for the plaintiff.

*Lee M. Friedman,* for the defendants, submitted a brief.

BY THE COURT. After this case was entered, the defendants filed a motion for specifications on which, on May 1, 1923, it was ordered that certain specifications be filed within two weeks. Time for compliance with this order was extended to and including August 20, 1923. There was no compliance with this order. On April 8, 1926, motion was made by the plaintiff for leave to file specifications. At the hearing upon this motion counsel for defendants moved that the plaintiff be nonsuited for failure to comply with the order of 1923, and stated that the motion would have been filed earlier had he not supposed until 1926 that the case had been dismissed in accordance with notice issued by the clerk of the court in June, 1924. It was agreed that present counsel for the plaintiff, who had entered his appearance in February, 1926, had been diligent in his efforts to proceed with the case. The judge denied the motion for leave to file specifications, and granted the motion to nonsuit the plaintiff. No evidence is reported.

The disposition of these motions rested in sound judicial discretion. There is nothing to indicate that there was any abuse of discretion. The case is governed by *Nickerson* v. *Glines,* 220 Mass. 333. Common Law Rule 6 of the Superior Court (1915). See *Davis* v. *Boston Elevated Railway,* 235 Mass. 482, 496, 497.

*Exceptions overruled.*