### Barnett v. Latonia Jockey Club.

(Decided May 19, 1933.)

HUBBARD SCHWARTZ for appellant.
GALVIN & TRACY for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant, and plaintiff below, with her husband attended the horse races on the tracks of defendant, Latonia Jockey Club, in Latonia, Ky., on November 5, 1927. They drove their automobile through the gate and into the grounds of the club, and parked it upon a space designated for such purpose, and, when they returned for it after the races were over, some articles of clothing that were contained in it were missing, and plaintiff filed this action in the Kenton circuit court against defendant to recover their value, which she fixed in her petition at the sum of $1,500. A demurrer filed by defendant to that pleading was sustained, followed by an amended petition filed by plaintiff. Thereupon defendant filed this motion: "The defendant, The Latonia Jockey Club, moves—1. That the plaintiff be required to state what contract was made with the defendant with reference to the subject matter attempted to be pleaded by the plaintiff. 2. That the plaintiff be required to state how and in what manner the defendant assumed control of plaintiff's property. 3. That plaintiff be required to say who it was that assured plaintiff that the property was safe." It was sustained by the court, but plaintiff declined and refused to comply therewith; whereupon the petition was dismissed, and, complaining thereof, plaintiff prosecutes this appeal.

The articles charged to have been lost were a mink coat of the alleged value of $1,000 and a traveling bag containing other wearing apparel of the aggregate

value of $500. In the original petition, plaintiff alleged, as creating the relationship between her and the defendant and the duties the latter assumed thereby, that she and her husband entered the grounds of the defendant upon its invitation and paid the admission fee therefor and attempted to park their automobile at a place selected by her; but the relative location of which to the clubhouse or grandstand containing seats for patrons was not stated. She then alleged that the defendant by and through its agents and servants refused to permit her to park the automobile at the spot selected by her, and directed its parking to be made on other territory allotted for that purpose. It was then charged that the loss of the articles was through the gross negligence of such agents and servants by reason of which defendant became liable to plaintiff for their value.

The amended petition elaborated somewhat on the averments of the original one, and stated that, at the time plaintiff and her husband entered the gate leading into the inclosure of the club grounds, "she paid the usual and customary admission fee to the agents and servants of the defendant, Latonia Jockey Club, and the payment of said fee was a consideration whereby the defendant assumed control of said automobile and the contents thereof, including the large traveling bag and contents thereof and mink coat belonging to plaintiff, and agreed to redeliver to plaintiff the contents, including the large traveling bag and contents thereof and mink coat, belonging to plaintiff, and the plaintiff was assured by the defendant by and through its officers, agents and servants that said automobile and the contents thereof would be safely kept by defendant, its officers, agents and servants while plaintiff was witnessing the said contests of speed between horses and would be returned to plaintiff as received from plaintiff when she would call for same," etc. It was to the petition as so amended that the motion made by defendant and sustained by the court was addressed.

Section 134 of the Civil Code of Practice prescribes, among other things, that, "if the allegations of a pleading be so indefinite or uncertain that the precise nature of the claim or defense is not apparent, the court may require the pleading to be made definite and certain by amendment," and which the uniform practice permits to

be enforced by a motion of the adverse party for the pleading to be made more specific, definite, and certain. If it is well grounded, and the court sustains it, it is the duty of the litigant whose pleading is so attacked to comply therewith, and, upon his failure to do so, to be visited with the penalty of an adverse judgment by the dismissal of his action or defense. Such a motion is not the proper practice when the pleading to which it is directed states no cause of action, but which defect may be reached by a demurrer thereto. It is applicable only to a pleading that states a cause of action or a defense, but which is done in such indefinite or uncertain terms as to not notify the adverse litigant of "the precise nature of the claim or defense," and which we think was and is true in this case, and that the court properly sustained the motion to make the pleading more specific; except that in the third particular contained in the motion plaintiff would not be required to furnish the name of the agent with whom the transaction was had if his name was unknown to her, but, if known, then it would be her duty to furnish it.

Plaintiff's counsel rely for a reversal on our opinion in the case of Pennyroyal Fair Association v. Hite, 195 Ky. 732, 243 S. W. 1046. But an examination of that opinion will disclose that the case of the plaintiff therein was rested exclusively upon a special contract of bailment, based upon a specific and independent consideration for the parking of his automobile, a part of which was an express guaranty of its safe return to the bailor, who was the plaintiff in that case. In the excerpt, supra, taken from the amended petition in this case, there is no such special contract alleged. It is true that plaintiff says therein that she paid the usual and customary admission fee into the grounds of defendant, but she nowhere averred that any extra charge was made for parking the automobile in which she was riding. It is likewise true that she alleged therein that such entry fee was a consideration for the defendant assuming control of the automobile and its contents, and from which plaintiff concluded that such agents and servants agreed to redeliver the same to plaintiff on demand made by her.

The law recognizes various sorts and kinds of bailments, imposing different degrees of responsibility on the bailee, and which are unnecessary to enumerate or

to discuss in this opinion, since plaintiff's pleading, because of its uncertainty, failed to state with sufficient clarity whether or not defendant ever became related to plaintiff's automobile and its contents in such a manner as to create the relationship of bailor and bailee. For aught that appears in her pleading, the entrance fee that she and her husband paid may have been only the regular charge for their individual entrance as patrons of the contemplated horse racing exhibition, and to have included nothing for the parking of their automobile. Neither does it appear, with any degree of certainty, as to who parked the automobile at the particular spot where it was placed; nor under what terms or conditions, if any, such parking was made. So far as the averments of plaintiff's pleadings are concerned, it may have been done by plaintiff and her husband and on ground upon which defendant allotted as a free space whereon parking of automobiles of its patrons might be made, and which, if true, would be exclusively for the benefit of plaintiff, the alleged bailor herein, with no control of the parked automobile whatever by defendant, and in which case it is doubtful if any bailment relationship was ever assumed by it.

An examination of the authorities will disclose that a bailee, unlike that of innkeeper, never becomes an insurer of the articles intrusted to him, except under the terms of a special contract creating such an obligation. See the Hite Case, supra; and for the liabilities of an innkeeper see the case of Goodyear Tire & Rubber Co. v. Altamont Springs Hotel Company, 206 Ky. 494, 267 S. W. 555. Even if plaintiff's pleading were sufficient to undoubtedly establish a bailment of plaintiff's automobile and its contents, then we conclude that defendant had the right to be informed of the actual facts so as to enable it and the court to determine the particular kind of bailment, if any, plaintiff relies on, with its corresponding duties and obligations, or, if the actual facts were such as to impose no liability on defendant, then it and the court were entitled to be so informed at the outset of the proceedings, so that the case could be disposed of accordingly.

Plaintiff could have easily complied with the order of court by amending her pleadings and incorporating in it the exact facts that occurred between her and the person with whom she dealt upon entering defendant's

290

grounds, stating the terms and conditions upon which it was done and as agreed to by the one in charge of the gate at the time she and her husband entered it with their automobile. Instead thereof her pleading, as amended, failed to state some essential facts that defendant was entitled to know. Also from the statement she did make, conclusions and not facts were averred. Moreover, this action complains of no dereliction with reference to the automobile, but only of what happened to its contents, and the law recognizes well-settled distinctions between liability of a bailee for a bailed vehicle and liability for its contents, the latter existing only in special cases which it is the duty of the loser (the alleged bailor) to both allege and prove before recovery may be had. See annotations in 15 A. L. R. 695, and 42 A. L. R. 143; and, for a discussion of the liability of a strict bailee for the loss of an automobile in the absence of a special contract (either gratuitously or where fees are charged), see annotation in 34 A. L. R. beginning on page 925, and which is preceded in annotations upon the same subject in 26 A. L. R. 223. For manifest reasons we have not and will not attempt a determination of the question of defendant's liability in this case in any event, since that was not attempted to be done by the judgment appealed from. The sole question presented to us is whether the court properly sustained the motion of defendant to require plaintiff to make her petition more specific, and which we think the court properly did, and dismissed it upon plaintiff's refusal to comply with that order.

Wherefore the judgment is affirmed.