## Branson et al. v. Yeary et al.

(Decided Dec. 11, 1936.)

H. C. CLAY & SONS and B. M. LEE for appellants.
WILLIAM SAMPSON for appellees.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

This is an appeal from a judgment of the Harlan circuit court dismissing the petition as amended of the plaintiffs, who are appellants here, because of their refusal to make the description of one acre of land sought to be recovered by them more definite and certain. Plaintiffs brought this suit to recover two tracts of land —one of 100 acres, more or less, and one of one acre. Pursuant to section 125 of the Civil Code of Practice, they undertook to describe the land so that it might be identified. The 100-acre tract was sufficiently described. The other tract was merely described in substance as "the school house lot" of one acre adjoining the 100-acre tract. Defendants moved that the court require plaintiffs to make the description of the schoolhouse lot more definite and certain. In support of their motion, defendants filed the affidavits of two surveyors who stated that, while they had surveyed the 100-acre tract (thus indicating the sufficiency of that description), they had been unable to locate the schoolhouse lot. Before the court acted on this motion, plaintiffs amended their petition and alleged that "the plaintiffs have no way of describing that school house lot separate from the other

tract, but that where the boundary of land described in the petition calls for the line of the school house lot or with that line that it is the exterior line of the entire boundary and that the boundary as described in the petition was intended to and does include the school house lot therein mentioned.'' The motion to make more definite and certain was extended to the petition as amended, and was sustained by the court. Upon the refusal of plaintiffs to file a further amendment in conformity with the rule issued, the court dismissed the entire petition, and this appeal followed. It is set out in the original petition that the one-acre tract was deeded for schoolhouse purposes and is no longer used for that purpose. It is therefore immaterial whether the schoolhouse lot is within or without the boundary of the 100-acre tract. If plaintiffs are entitled to the 100-acre tract, they would likewise be entitled to the schoolhouse lot. So far as the record before us now discloses, their right to the 100-acre boundary cannot, therefore, be affected by the existence or location of the schoolhouse lot within that boundary..

The only serious question presented is whether or not, under the circumstances, the court should have gone so far as to dismiss the entire action merely because of the failure or refusal of the plaintiffs to comply with the rule requiring them to make the description of the school lot more definite and certain. The court undoubtedly has a discretion in the matter, but it must be exercised in furtherance of justice, and not arbitrarily. In Rehkamp v. Martin, 198 Ky. 34, 247 S. W. 1115, 1116, it was held that, where a party declined to make his petition more definite and certain when ruled to do so by the court, he was guilty of contempt, and that the court had the power to punish him by dismissing his action without prejudice. The court said:

"We think that part of section 134 of the Civil Code saying, 'If the allegations of a pleading be so indefinite or uncertain that the precise nature of the claim or defense is not apparent, the court may require the pleading to be made definite and certain by amendment,' is broad enough to bestow upon the trial court the right in cases like this to require the plaintiff to present his cause in such a way as to give to the adversary party at least a fair and rea-

sonable opportunity to present his defense, even though the petition by general averments state a doubtful cause of action. Of course, this can only be done in furtherance of justice, and this power of the circuit court is not arbitrary, but can only be exercised within a sound discretion.''

The dismissal of the entire cause of action is not the only penalty which the court may inflict. It may be that, by striking the objectionable portions of the pleading, complete justice can be done, and such part of the cause of action as is well stated determined. It seems to us that this was the proper corrective to be applied in the case at bar. The situation called for minor surgery, and not the guillotine. The allegations concerning the 100-acre tract were sufficiently definite to give the defendants a ''fair and reasonable'' opportunity to present their defense. The affidavits of their own surveyors show that they are able to identify this tract without reference to the schoolhouse lot. We think that justice can best be furthered by striking the objectionable paragraph of the petition referring to the schoolhouse lot and by striking the entire amended petition. It does not appear from the record that plaintiffs have been arbitrary in the stand they have taken with reference to the one-acre tract, but, on the contrary, they are simply unable to give a description of it which meets the requirements of section 125 of the Code. We conclude, therefore, that the court erred in dismissing the entire action, and that it should simply have stricken the portions of the petition and amended petition herein mentioned.

Judgment reversed for proceedings consistent herewith.