**RUDD v READING (city)**
**RUDD et v READING (city)**

Ohio Appeals, 1st Dist, Hamilton Co.

Nos. 5732 & 5733. Decided Feb. 19, 1940

**OPINION**

By HAMILTON, PJ.

Heard on questions of law.

These two cases involve like questions of law and are presented and considered together.

The plaintiffs' separate petitions claim damages to their property by the defendant, City of Reading, in the construction by the city of certain street improvements.

To the petitions, the defendant addressed motions to make the petitions definite and certain, which motions, in substance, were to require the plaintiffs to make their petitions definite and certain by setting forth the locations of their property with relation to the lines of the improvement, the date on which they became the owners of their specific pieces of property and the dimensions thereof, the width and location of the improvement, the date of the legislation to improve, and the construction of the improvement, which allegedly appropriates the property, and plaintiffs' title and interest therein.

The trial court sustained the motions and amended petitions were filed, which did not comply with the court's ruling and order. The plaintiffs refused to plead further, whereupon, the Court entered final judgment in each case, dismissing the actions.

Appellants argue that the Court abused its discretion in entering final judgment against them.

The court, under authority of §11336, GC, may require the pleadings to be made definite and certain by amendment. This it did, and unless abuse of discretion is shown in its ruling on the motions and in the dismissal of the actions, the judgments must be sustained. Abuse of discretion by the court must be clearly shown. The greater part of the requirements under the motions were well within the knowledge of the plaintiffs, and would become pertinent in the case, and no reason appears why plaintiffs refused to comply. In passing it may be stated that the plaintiffs had recovered damages to the same property in other prior actions, which judgments for damages were sustained by this court.

Some authorities hold that the rulings of the trial court on such motions are conclusively presumed to be correct. It is not necessary to go that far in these cases, since we find the ruling of the court to be proper and reasonable and would place the plaintiffs at no disadvantage in their suit. See 31 O. Jur., §275, et seq.

In dismissing the actions, the court took the only means possible to enforce its rulings. This power is inherent in the court as well as suggested in §11586-5, GC.

See also: Railway Co. v Kistler, 66 Oh St 326; Cincinnati, Lebanon & Northern Ry. Co. v Shurts, 10 Oh Ap 226; 14 O. Jur. 333.

The judments are affirmed.

MATTHEWS, & ROSS, JJ., concur.