245 P.2d 405

**PERRY et al. v. PERKINS.**

No. 7787.

Supreme Court of Idaho.

June 10, 1952.

William W. Barrett, Boise, for appellants.

Frank F. Kibler, Nampa, J. F. Martin, Boise, for respondent.

THOMAS, Justice.

On October 25, 1949 the plaintiffs below, appellants herein, filed a complaint containing some four separate causes of action to recover for personal injuries and damages to their automobile, arising out of an accident which occurred on January 1, 1948.

On November 17, 1949 a general demurrer to the complaint and to each cause of action therein, as well as a special demurrer for uncertainty, ambiguity and indefiniteness and for misjoinder as to the third cause of action, was filed. On July 1, 1950 the court made its order sustaining the special demurrer as to all causes of action, and the general demurrer as to the third cause of action, and in all other re-spects overruled the general demurrer and gave the appellants fifteen days in which to amend the complaint; thereafter, and on September 11, 1950, upon ex parte application, the appellants herein were granted an additional ten days in which to amend the complaint; there are no further or other orders pursuant to stipulation or otherwise extending the time to amend. Up to December 19, 1950 an amended pleading had neither been filed nor tendered for filing.

On December 19, 1950 respondent filed and served upon appellants a motion for dismissal without prejudice, on the ground that no amended complaint had been filed within the time ordered by the court or at all; on the same day appellants served upon respondent and lodged with the court an amended complaint, and on December 22, 1950 filed an application for leave to file the amended complaint, supported by the affidavit of counsel for appellants. Counter-affidavits were filed in opposition to the application for an order authorizing the filing of the amended complaint.

Both the motion to dismiss and the application for leave to file the amended complaint were heard at the same time by the court. On February 12, 1951 the court denied the application to file the amended complaint and granted the motion to dismiss without prejudice, and entered judgment of dismissal. The appeal is from the judgment of dismissal only. No error is assigned with reference to the ruling of the court on the demurrer.

The only question in this case is whether the action of the trial court in dismissing the complaint and entering a judgment of dismissal was proper and just under the showing and circumstances of the case; or whether the court, in the exercise of sound judicial discretion, should have refused to enter judgment dismissing the action. This inquiry thus is now directed at the propriety of the action of the trial court rather than its authority to enter judgment of dismissal.

It is universally recognized that a court has the inherent power and authority, in the absence of statute or rule, in the exercise of sound judicial discretion, to dismiss an action for failure to comply with an order of the court relating to pleadings filed or to be filed by the plaintiff, including an order requiring the amendment of his pleadings generally. or with reference to making them more definite and certain. Cook v. Search, 100 Okl. 45, 226 P. 1039; Plummer v. Weil, 15 Wash. 427, 46 P. 648; Drake v. First Nat. Bank of Fort Scott, 33 Kan. 634, 7 P. 219; Bushnell v. Thompson, 133 Neb. 115, 274 N.W. 453;· Northport Irr. Dist v. Farmers' Irr. Dist., 125 Neb. 607, 251 N.W. 174; Motowski v. People's Dentists, 183 Wis. 477, 198 N.W. 465; Ferson v. Armour & Co., 109 Neb. 648, 192 N.W. 125; Central Security Co. v. Milwaukee-Waukesha Brewing Co., 166 Wis. 249, 164 N.W. 994; Lovette v. Essig, 92 Mich. 461, 52 N.W. 750; Rudd v. City of Reading, 64 Ohio App. 308, 28 N.E.2d 768;

Telch v. Hamburger, 259 Mass. 21, 155 N.E. 658; Nickerson v. Glines, 220 Mass. 333, 107 N.E. 942; Timmons v. Pine School Township, 22 Ind.App. 93, 53 N.E. 242; Application of Melvyne Realty Co., Sup., 82 N.Y.S.2d 850; Loudy v. Elcomb Coal Co., 298 Ky. 732, 183 S.W.2d 953; Graves v. Dakessian, Mo.Sup., 132 S.W.2d 972; Branson v. Yeary, 266 Ky. 527, 99 S.W.2d 707; Barnett v. Latonia Jockey Club, 249 Ky. 285, 60 S.W.2d 622; Rehkamp v. Martin, 198 Ky. 34, 247 S.W. 1115; Rapp v. Parker, 128 Ark. 236, 193 S.W. 535; Reid v. Lyttle, 150 Ky. 304, 150 S.W. 357; Howard v. Western Union Tel. Co., Ky., 76 S.W. 387; MacAdam v. Scudder, 127 Mo. 345, 30 S.W. 168; Curtis v. Jordan, 110 La. 429, 34 So. 591; see also 4 A.L.R.2d pp. 350–362; 27 C.J.S., Dismissal and Nonsuit, § 64 page 228; § 65 page 232.

All courts of this State have the power to compel obedience to their orders, Section 1–1603, I.C., and may, where not otherwise provided by statute or rule, adopt any reasonably appropriate means to enforce them, Section 1–1622, I.C.; and dismissal is an appropriate means to compel obedience. Greenhow v. Whitehead's, Inc., 67 Idaho 262, 175 P.2d 1007.

Both the motion to dismiss the action and to enter judgment of dismissal and the application for leave to file the amended complaint are made upon affidavits only; no witnesses were called or examined. Where this is so it is a rule of this court that it will make an original ex-

amination of the evidence as set forth in the record, as though the matter had never been heard or examined by the trial court, and will exercise its judgment and discretion as though the case were being presented in the first instance for determination here, because this court is in as favorable a position to consider the matter as was the trial court. Curtis v. Siebrand Bros. Circus & Carnival Co., 68 Idaho 285, 194 P.2d 281; Cleek v. Virginia Gold Mining & Milling Co., 63 Idaho 445, 122 P.2d 232; Boise Flying Service v. General Motors Acceptance Corp., 55 Idaho 5, 36 P.2d 813; Savage v. Stokes, 54 Idaho 109, 28 P.2d 900; see also Hall v. Whittier, 20 Idaho 120, 116 P. 1031; Parsons v. Wrble, 19 Idaho 619, 115 P. 8; Council Improvement Co. v. Draper, 16 Idaho 541, 102 P. 7; Van Camp v. Emery, 13 Idaho 202, 89 P. 752; Roby v. Roby, 10 Idaho 139, 77 P. 213.

In conformity with the rule as above set forth, we will proceed to examine the respective affidavits and exercise our own discretion as to whether or not, upon the showing made, the judgment of dismissal should have been entered.

The affidavit of counsel for appellant sets forth in pertinent part the following:

"* * * That the plaintiffs, Kenneth W. Perry resides at Nampa, Idaho and Lola Perry, since remarried, resides at Lewiston, Idaho. That Affiant failed to and neglected to file his Amended Complaint within the time prescribed by the Court, for the reason that he was unable to locate Lola Perry until or about December 13th or 14th, 1950. That plaintiff, Kenneth W. Perry suffered severe personal injuries in the accident, as a result of which he is still disabled, incoherent and at this time lacks memory as to some details necessary for the amendment of the complaint in the above entitled action.

"That on December 19, 1950, Affiant received defendants Motion to dismiss the above entitled action and Affiant immediately prepared an Amended Complaint to conform to the Court's Order without having had an opportunity to contact Lola Perry in the meantime. That said Amended Complaint was lodged with the Court at aproximately 11:15 A.M. o'clock on December 19, 1950.

"That Affiant believes that plaintiffs have a meritorious cause of action in the above entitled matter and that a dismissal herein would work a great hardship upon said plaintiffs."

One of the attorneys for respondent filed an affidavit in opposition to the application for leave to file the amended complaint, in which he sets forth in pertinent part the following:

"That among other things plaintiffs relate in said affidavit of merits that one of the plaintiffs, to-wit: Kenneth W. Perry is still disabled, incoherent

and lacks memory and that by reason thereof the obtaining of certain facts for preparation of the said amended complaints in said actions could not be obtained; and affiant alleges the facts to be that said Kenneth W. Perry is not an incompetent person, and that in fact he is and has been regularly and steadily employed by the Pacific Fruit Express Company, at its car repair shops in the City of Nampa, Canyon County, Idaho, and has been so regularly employed there and steadily for the past ninety days, and could have easily been interviewed by his legal counsel at a distance of only twenty miles from his office in Boise, Ada County, Idaho, and that on December 26th, 1950, this affiant made inquiry from said employer and was informed that said Kenneth W. Perry is carried on the active list of its employees and that he has been so regularly and steadily employed by said concern for more than ninety days last past;

"That said affidavit for leave to file said amended complaints discloses that Lola Perry one of said plaintiffs, has since divorced the said Kenneth W. Perry, and has remarried and resides at Lewiston in Nez Perce County, Idaho, and that said affidavit does not show or disclose any reason whatsoever why plaintiffs counsel has been unable to communicate with her by usual means of communication between Boise, Idaho and Lewiston, Idaho, and since the month of July, 1950, and said usual means of communication being the United States mail, long distance telephone and telegraphic services as existant between said places at all times since the month of July, 1950, and that the address and whereabouts of said Lola Perry, was at all times known to the said Kenneth W. Perry, and that ordinary inquiry by counsel would have disclosed the location and whereabouts of said person, if further or additional facts were necessary to secure such location and address, and that no fact or facts is stated or shown in such affidavit of merits as to the means, method or manner, used in attempting to locate said Lola Perry, or what, if any, effort was made in such relation;

"Affiant further says that the memorandum decision of said Court under the date of June 23rd, 1950, and upon which the order of July 1st, 1950 was made and entered by said Court, shows and indicates as follows, to-wit:

" 'As alleged, the acts of negligence and particularly the recitals to which this special demurrer is addressed are more in the nature of statements and conclusions of law than statements of ultimate facts necessary to establish the respective acts of negligence.',

and that by reason thereof, it has not been necessary or required at all that

said counsel communicate with his clients in order to obtain further or additional facts, but rather on the contrary to redraft an amended complaint stating facts rather than conclusions of the pleader, and which said amended complaint could have been so drafted, and verified by counsel in Ada County, Idaho, and filed herein in such way and manner as to fully conform to the order of the Court in such relation."

Subsequently one of counsel for respondent filed a supplemental affidavit in support of respondent's motion for dismissal, in which he sets forth that it is alleged in the complaint as well as in the lodged amended complaint that Kenneth W. Perry and Lola Perry were husband and wife at the time of the purported accident, that is, on January 1, 1948; he does not claim this was not true, but sets forth that said legal status had changed thereafter, and prior to the filing of the action, in that a judgment of divorce was entered which did not award or assign or in any manner or way dispose of any purported causes of action on account of the alleged accident which might or could have existed in favor of either plaintiff, and that by reason of the decree of divorce restoring each party to the status of a single person they have no legal right to file a joint action, and that for this reason and other reasons as shown in the record and as set forth in respondent's earlier affidavit, said plaintiffs did not exercise due diligence in the prosecution of the action,

and have concealed from the Court and from respondents the true legal status of said plaintiffs; it is further set forth in said supplemental affidavit that in the lodged amended complaint with reference to the minor, Darlene Perry, Kenneth W. Perry and Lola Perry have alleged that she is their daughter, while in truth and fact she is not the daughter of Kenneth W. Perry, and that said allegation conceals from the court and from respondents the true and material facts in this case and indicated an absence of due diligence in the prosecution of the action.

Counsel for appellants filed a supplemental affidavit in support of their application for an order to file the amended complaint, setting forth, so far as pertinent here, an explanation and reply to the supplemental affidavit of respondent with reference to the marital status of Kenneth W. Perry and Lola Perry, and the relationship of Darlene Perry to each of them; therein it is set forth that Kenneth W. Perry and Lola Perry were divorced some ten months after the accident involved, and that there was no disposition in the decree entered therein of any community property or community causes of action which arose prior to the divorce decree, and concluding therein that the said causes of action were either the community property of the parties or that they were tenants in common in relation thereto.

On the basis of the showing set forth in the respective affidavits, which is the only

matter we have before us, we will exercise our own discretion to determine whether or not, upon the showing and counter-showing made, a judgment of dismissal would be proper.

The appellants, by the affidavit and supplemental affidavits filed herein, make it apparent that there existed no intent to abandon the action; that counsel for appellants had not sooner drafted and filed amended complaint because he felt that it was necessary to consult particularly with Lola Perry before doing so; that he did not know the whereabouts of Lola Perry and was unable to locate her until either December 13th or 14th, 1950; that although he knew that Kenneth W. Perry and Lola Perry were divorced even at the time the complaints were filed, and that Kenneth W. Perry lived at Nampa, Idaho, where he could be readily contacted, he did not consult with him with reference to amending the complaints because he was disabled and incoherent, and lacked memory as to some of the necessary details to aid in the amendment of the complaints; that on December 19, 1950, the date on which he received copy of the respondent's motion to dismiss, he immediately proceeded to prepare an amended complaint to conform with the order of the court, even though he would not have the benefit of a conference with Lola Perry before doing so, and that he did, without the benefit of such a conference, prepare and lodge the amended complaints on the same day that he received a copy of the motion to dismiss;

in such affidavits counsel for appellants did not assert that there would be no injury to respondent by delay in the filing of such amended complaints, nor did he assert therein that the same relative position of the parties would remain if the court allowed the filing of the amended complaints. On the other hand, the affidavit and supplemental affidavit of respondent in opposition to the application for leave to file the amended complaints and in support of the motion for judgment of dismissal purports to point out the absence of a showing of diligence on the part of the appellants and of counsel for appellants in his failure to explain why he was not able to sooner locate Lola Perry and then asserts that Kenneth W. Perry was an able-bodied man, and was employed for some ninety days preceding the lodging of the amended complaint; however, the affidavit of counsel for appellants not only asserts in effect that the disability of Kenneth W. Perry was not of a physical nature, but of a mental nature, and this is not denied in the counter-affidavits; he may well be able to carry on his work and not be able to recall any of the instances or details which counsel for appellants deemed necessary in order to amend the complaints to conform to the order of the court; the counter-affidavits filed by respondent do not assert or claim that any injury or damage for the failure on the part of appellants to sooner file the amended complaints will result to respondent if the amended complaints are allowed to be filed.

**12**

or that the relative position of the parties will be altered to the serious injury or wrong, or any injury or wrong of respondent.

All the matters set forth in their supplemental affidavit with reference to marital status, relationship and property rights, are matters not properly to be considered here, but are matters for the trial court subsequent to the filing of the amended complaints.

The record shows that the accident occurred on January 1, 1948, and the original complaint was filed October 25, 1949; that the demurrer to the complaint was filed on November 17, 1949, and that the order of the Court sustaining the demurrer was made on the 1st day of July, 1950, some seven and one-half months later; there is nothing in the record to indicate that either party asked that the demurrer be heard or disposed of at an earlier date; the record indicates that there appeared to be no urgency on the part of any party to the action to expedite the prosecution of the case.

In a review by this court, each case must be determined upon its own peculiar facts and should be disposed of as substantial justice may seem to require. The exercise of the discretion of this court should tend to bring about a judgment on the merits of the case, and when the circumstances are such as lead this court to hesitate upon granting the application to file the lodged amended complaint, it is better, as a general rule, that such doubt should be resolved in favor of the applicant so as to dispose of the case upon its substantial merits. Dellwo v. Petersen, 34 Idaho 697, 203 P. 472.

Upon full and careful examination and consideration of the record and all the matters set forth therein, and in the exercise of sound judicial discretion by this court, it is concluded that the judgment of dismissal should be and hereby is reversed with instructions to the court below to reinstate the case and permit appellants to file the amended complaint.

Costs to appellants.

GIVENS, C. J., and PORTER, J., concur.

TAYLOR, Justice (dissenting).

The record in this case is one of unreasonably long delay, and utter neglect of this action, by the plaintiffs themselves. No affidavit by either of them was offered (nor was time requested for that purpose) to show that they desire to or will further prosecute the action. The affidavit of their counsel does not present a sufficient excuse.

KEETON, J., concurs.