**SMETZER, an infant, etc., Plaintiff-Appellant v. CRAMMER et, Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 19462. Decided February 9, 1944.

Levin & Levin, Cleveland, for plaintiff-appellant.
Squire, Sanders & Dempsey, Cleveland, for defendants-appellees.

### OPINION

By SKEEL, J.

This action was found in tort. The plaintiff, an infant of four years of age at the time the action was begun, was injured by being run over by an automobile driven by the defendant, Constance Crammer. The defendant, George Crammer, is the father of the defendant, Constance Crammer.

On July 4, 1942, the residents of East 219th Street and the immediate neighborhood, held a Fourth of July celebration on said street. By agreement among the residents of the street, the defendant, George Crammer included, vehicular traffic was barred from the street by the use of barricades. The defendant, Constance Crammer, is charged by the plaintiff's petition with operating her father's automobile with his knowledge and

consent into East 219th Street and from there into the private driveway at No. 6 East 219th Street, the property of defendant George Crammer, in a negligent and careless manner, striking and injuring the plaintiff, who at the time was walking south on the sidewalk on the west side of East 219th Street.

It is further alleged that Constance Crammer was not a licensed motor vehicle operator under the laws of Ohio, she having only a learner's permit and that the defendant, George Crammer, knowing her to be inexperienced and incompetent as an automobile driver and not licensed as required by law, permitted her to drive his automobile without being accompanied by a licensed operator, in violation of the Statutes of Ohio and particularly §6296-28 GC.

The defendants demurred to the petition on the ground of misjoinder of parties defendant. The court sustained the demurrer and gave plaintiff leave to file an amended petition. The plaintiff thereupon filed an amended petition. The allegations of the petition in addition to those of the original petition contained new allegations relating particularly that the defendant, George Crammer, agreed to the barricading of the street whereby people generally would not be on the alert for vehicular traffic, and then granting to his daughter, an unlicensed incompetent driver, the right to drive on and over East 219th Street in spite of the fact that the street was barricaded and the Fourth of July celebration was in progress.

After the amended petition was filed, the defendants filed separate motions to strike amended petition from the files for failure to comply with the order of the court sustaining their respective demurrers. These motions were granted by the court and the plaintiff given further leave to plead. Motions for rehearing were filed by the plaintiff and overruled. Thereupon the plaintiff advised the court that she did not desire to plead further and the court by journal entry dismissed plaintiff's case without prejudice and rendered judgment for the costs. This entry was journalized on July 16, 1943. Notice of appeal was filed referring to the final entry in the case of July 16th and claiming as error:

1. The sustaining of the demurrers.

2. The granting of the motions to strike the amended petition.

3. The dismissal of the cause without prejudice and entering judgment for the costs.

On the face of the record it is clear that the court was without authority to grant the motions to strike the amended petition from the files. It is contended by defendants that the authority for such entry is to be found in §11581-5 GC. Said section provides:

"An action may be dismissed without prejudice to a future action * * * (5). By the court for disobedience by the plaintiff of an order concerning the proceedings in the action."

The record fails to disclose disobedience by the plaintiff of any order of the court concerning the proceedings. The plaintiff had filed her petition against both defendants alleging facts which she claimed, if established by the evidence, would make the defendants joint tort feasors. To this petition the defendants each filed a demurrer. The court upon due consideration sustained the demurrer and gave the plaintiff leave to file a new pleading. The plaintiff then filed her amended petition in which she not only included all of the allegations of her first petition but added additional allegations of facts not contained in the first pleading. The defendants' motions to strike were directed against this amended petition.

The filing of such an amended petition did not violate any order of the court, unless it be claimed that the sustaining of the demurrers was conclusive of the plaintiff's right to join the defendants in this action. No such claim can be made. The court in sustaining the demurrers held that the petition did not contain facts sufficient, if established, to join the defendants as joint tort feasors. Whether the court was correct in its ruling cannot now be reviewed because the plaintiff filed an amended petition. If the plaintiff desired a review of the ruling on the demurrers she should have refused to plead further and cause a final entry to be made. By filing her amended petition the holding of the court on the question of joinder of the defendants under the allegations of the original petition was no longer of importance. Under the circumstances, unless it be claimed that the amended petition is a sham pleading, its sufficiency cannot be tested by a motion to strike. No place in the record is it even suggested that the amended petition was not filed in good faith. It was an attempt on the part of the plaintiff to overcome the defects found by the court as to the sufficiency of the original petition.

If it be claimed by defendants that under the facts of this amended petition there still is a misjoinder of parties defendant, that question can be reached by demurrer. The ruling on the demurrers to the original petition under the circumstances cannot be held to determine the sufficiency of the amended petition.

It is suggested that the court treated the motions to strike as demurrers. The record does not disclose this to be the fact.

The entry of the court in dealing with these motions, is as follows:

"June 7, 1943: Separate motions by defendants, Constance Crammer and George Crammer to strike amended petition from the files is granted."

"Plaintiff excepts and given leave to plead by June 26th."

The practice of treating a motion to strike as a demurrer is not to be commended. **31 O. Jur. ¶269, p. 853,** in treating on this question, says:

"* * * A motion is not intended to be, and in strictness should not be permitted to be used as a substitute for a demurrer as the means of raising objections to the sufficiency of a pleading, although instances are not lacking of a practice of using a motion to raise questions that properly should be raised by demurrer. The Ohio Supreme Court in an early case pointed out the irregularity of such practice, and later emphatically stated that it did not wish to be understood as approving the practice of making a motion to strike from the files subserve the purpose of a general demurrer, in accord with which it has been held that a motion to strike a pleading from the files cannot take the place of a demurrer."

**Finch v Finch, 10 Oh St 501**
**Rogers v Metropolitan Life Ins. Co., 15 Oh Ap 333**
**Rogers v Metropolitan Life Ins. Co., 15 Oh Ap 333**

The fact that in some recent decisions some courts have, in a limited way, permitted the use of a motion where in correct practice the questions should have been raised by demurrer, should not be extended, particularly where the record does not disclose that the court treated the motion as a demurrer. In the instant case, therefore, the court was in error in granting the motions to strike the amended petition from the files, without grounds being established to bring the ruling within the authority of §11586-5 GC.

The plaintiff's amended petition is therefore ordered reinstated and the cause remanded for further proceedings according to law. Exceptions.

LIEGHLEY, J., concurs.
MORGAN, P. J., not participating.