**CALE, Plaintiff-Appellant, v. KINER, EXR., Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 3903. Decided October 14, 1946.

Benjamin F. Levinson, Columbus, for Plaintiff-Appellant.
C. C. Crabbe, Garek & Sillman, Columbus, for Defendant-Appellee.

## OPINION

By THE COURT:

This is an appeal on law from the judgment of the Common Pleas Court of Franklin County, Ohio, which sustained defendant's motion to strike plaintiff's second amended petition from the files. The plaintiff not desiring to plead further perfected an appeal to this Court testing the question as to whether the second amended petition should have been stricken.

The plaintiff brought an action against the estate of the decedent, Lena Kiner, for personal services. Originally, an action was brought on quantum meruit. The plaintiff failed to sustain this action either in the Common Pleas Court or the Court of Appeals. In the case at bar plaintiff has filed three petitions. In her first petition her action again rested on quantum meruit. To this petition defendant filed a motion. The plaintiff voluntarily withdrew her petition and filed her first amended petition basing her action on an oral agreement. To this petition the defendant filed a motion to strike out certain portions of the petition and to require the plaintiff to make her petition definite and certain. The motion was sustained in its entirety. The plaintiff then filed a second amended petition which contained some of the objectionable material found in the first amended petition. To the second amended petition a motion to strike was filed and sustained on the ground that the plaintiff had failed to comply with the former order of the Court.

The plaintiff for her assignments of error claims,

(1) The Court erred in sustaining the motion to strike certain portions from the first amended petition, and,

(2) The Court erred in sustaining the motion to strike the second amended petition from the files.

The plaintiff contends that the second amended petition states a cause of action, which fact is conceded, and that, therefore, the Court acted without authority in law in sustaining the motion to strike. **Dahns v Swinburne, 31 Oh Ap 513,** and **Smetzer v Crammer, 42 Abs 220,** are cited as authority. In the Dahns case a demurrer was filed to the petition which was sustained. The opinion of the Court does not state

the grounds of demurrer nor the reasons assigned by the Court for sustaining it. However, there is much in the opinion which indicates that the demurrer tested the sufficiency of the petition. The averments in the amended petition were substantially the same as in the original petition. The Court held that since the amended petition was good against demurrer the motion to strike should not have been sustained. It appears the Court treated the motion to strike as a demurrer.

In the Smetzer case a demurrer was sustained to the petition on the ground of misjoinder of parties defendant. An amended petition was filed which contained the allegations in the original petition and additional allegations. The Court on page 223 say:

"No place in the record is it even suggested that the amended petition was not filed in good faith. It was an attempt on the part of the plaintiff to overcome the defects found by the Court as to the sufficiency of the original petition."

We are of the opinion that both of these cases are distinguishable from the case at bar.

**Sec. 11586 GC,** in part provides:

"An action may be dismissed without prejudice to a future action;
. * * * 5. By the Court, for disobedience by the plaintiff of an order concerning the proceedings in the action."

In **Vol. 31, O. Jur., p. 885, Sec. 293,** it is stated:

"The granting of motions to strike from the files rests in the discretion of the Court, and the action of the Court in this regard will not be disturbed unless there is an abuse of discretion."

Again, on **page 890** of the same work it is said:

"There exists in the trial courts inherent power to strike pleadings from the files for the failure or refusal of parties filing them to comply with orders of the court in respect thereto, and it seems to be no objection to the exercise of such power that the pleading states a good cause of action or defense. If, after motions to make definite and certain have been filed and sustained to successive amended pleadings, another amended pleading is filed, open to the same objection,

the court may properly sustain a motion to strike it from the files as for the failure to comply with the orders of the court. Likewise, if a party, after the court orders certain allegations struck from the pleadings, instead of omitting such allegations from all subsequent pleadings, embodies substantially the same allegations with slightly different phraseology in the pleading subsequently filed, the court may, acting within its inherent power, strike the entire pleading from the files."

In the case at bar the litigation has been long, protracted and vexatious. The plaintiff has tried in vain to maintain an action. In her original petition in this case the plaintiff alleged she would be unable to prove an express agreement, and hence pleaded quantum meruit. Later, she alleged an agreement to pay. The Court in its ruling held:

"Heard on motion of defendant to strike the second amended petition from the files. Sustained—counsel for plaintiff appears to be trifling with the Court."

We are not confronted with the question as to what ruling this Court would have made had it decided the motion, but whether the trial court abused its discretion in the ruling it made.

Finding no abuse of discretion in the trial court and no error in the record, the judgment is affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.