**RECK, Plaintiff-Appellant, v. BEACHLER, Jr.,
Defendant-Appellee.**

Ohio Appeals, Second District, Miami County.

No. 465. Decided March 12, 1952.

Spidel, Staley & Hole, Greenville, for plaintiff-appellant.
Faust & Faust, Troy, for defendant-appellee.

## OPINION

By THE COURT:

This is an appeal on questions of law from the judgment of the Common Pleas Court of Miami County.

Plaintiff in her petition charged the defendant with malpractice. The defendant filed a motion to make the petition definite and certain, which was sustained. The plaintiff filed an amended petition which did not fully comply with the order of the court. Defendant filed a motion to strike the amended petition from the files on the ground that the amended petition did not comply with the previous order of the court. The motion to strike was sustained, and the plaintiff electing not to plead further, the action was dismissed.

A motion to strike from the files for failure to comply with a previous order is a recognized procedure. An order dismissing the action of plaintiff for failure to comply with a former order to make petition definite and certain, the plaintiff electing not to plead further, will not be reversed unless it is clearly shown that the court abused its discretion. **Rudd v. City of Reading, 64 Oh Ap 308; Vol. 31 O. Jur., page 885, Sec. 293; Vol. 2 O. Jur., Part II, pages 1069, 1070, Sec. 591.** An abuse of discretion is not shown by the mere fact that the members of the reviewing Court would have exercised that discretion differently if sitting as a trial court. **Vol. 2 O. Jur., Part II, Page 1063.** We cannot say that the trial court abused its discretion in sustaining the motion to make definite and certain and in dismissing the action for failure to comply with the order.

Judgment affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.