CROW, APPELLANT, *v.* CASE, APPELLEE.

(No. 346—Decided June 22, 1962.)

*Mr. J. Harvey Crow, in propria persona.*
*Mr. Ray R. Maddox* and *Mr. W. A. Lovell,* for appellee.

KERNS, J.   On August 24, 1961, the plaintiff gave notice of appeal as follows:

"Now comes J. Harvey Crow and gives notice of appeal from the judgment of dismissal entered on or about August 4, 1961, and rendering judgment for the defendant.   This appeal is on questions of law."

The judgment entered on August 4, 1961, and the only judgment from which an appeal could be taken as late as August 24, 1961, is as follows:

"On motion of the defendant, it appearing that the plaintiff has failed to plead within the period limited by the entry of June 22, 1961, the second cause of action in the 'First Amended Petition' is hereby dismissed and judgment thereon is rendered for the defendant at the cost of the plaintiff."

The order of June 22, 1961, to which the dismissal entry refers, is as follows:

"This day this cause came on to be heard on the defendant's

motion to strike the second cause of action in plaintiff's 'first amended petition,' and upon consideration thereof the court does find said motion to strike well taken and does sustain the same in both branches thereof.

"Leave is granted to plaintiff to amend said second cause of action within fifteen days after the journalization of this entry."

This order was predicated upon the plaintiff's failure to comply with a previous order to make the second cause of action definite and certain.

The only question thus presented in the appeal from the judgment entered on August 4, 1961, is whether the trial court erred in sustaining the defendant-appellee's motion to strike and rendering final judgment after the plaintiff's failure to comply with the previous court order.

In 43 Ohio Jurisprudence (2d), 289, Section 273, it is said:

"There exists in the trial courts inherent power to strike pleadings from the files for the failure or refusal of parties filing them to comply with orders of the court in respect thereto, and it seems to be no objection to the exercise of such power that the pleading states a good cause of action or defense. So, a pleading may be stricken because of the pleader's failure to comply with an order to make more definite or certain, or an order striking certain allegations from the pleadings."

See, also, *Cale v. Kiner, Exr.*, 47 Ohio Law Abs., 568; *Reck v. Beachler*, 67 Ohio Law Abs., 63; *Rudd v. City of Reading*, 64 Ohio App., 308.

Therefore, since the record discloses no abuse of discretion, the judgment entered on August 4, 1961, will not be disturbed.

But two of the assignments of error relied upon by the plaintiff in this appeal pertain to the disposition of the first cause of action by judgment entry dated June 22, 1961, which provides as follows:

"This day this cause came on to be heard upon the demurrer of the defendant to the first cause of action contained in plaintiff's 'first amended petition,' and upon consideration thereof the court does find that all three branches of said demurrer are well taken and it does hereby sustain same. Plain-

tiff's first cause of action in said 'first amended petition' is dismissed and final judgment thereon is rendered for defendant."

This entry was approved by the plaintiff and by counsel for the defendant, and the first cause of action upon which judgment was entered therein was independent, divisible, and sought specific damages. In our opinion, the entry of judgment as to the first cause of action affected a substantial right of the plaintiff and was therefore final and appealable. But no appeal was, or now can be, taken therefrom.

After the separate entries of June 22, 1961, affecting each of the two causes of action set forth in the first amended petition, were filed, the plaintiff had a choice. He could have appealed from the final judgment as to the first cause of action or he could have pursued the second cause of action by amending his petition as previously ordered by the court. He did neither. The judgment is, therefore, affirmed.

*Judgment affirmed.*

CRAWFORD, P. J., and SHERER, J., concur.