OPINION
{¶ 1} Plaintiff-appellant Anthony P. White appeals the February 13, 2003 Judgment Entry of the Stark County Court of Common Pleas dismissing, without prejudice, his complaint against defendant-appellee Dennis DiRienzo.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On October 31, 2002, appellant filed his "COMPLAINT-under Declaratory Statute, Relief, Conspiracy and Libelous per se, Corrupt Activity Offense, Ohio Rule Civil P. 3" against Lou A. Lehmiller and Dennis DiRienzo. The complaint generally asserts Lehmiller conspired with DiRienzo to commit some unlawful or criminal act against appellant, apparently precipitated by some allegedly false, unidentified accusation Lehmiller communicated to DiRienzo, which appellant claims affected his reputation. Appellant asserts such false accusation by Lehmiller violated her public duty as a faithful citizen and was defamatory per se. Appellant's prayer for judgment was a declaration that "a. Said allegations and evidence will show that action per se, was said about plaintiff by defendants that harmed plaintiff." Complaint at 3, unpaginated.
 {¶ 3} On December 2, 2002, DiRienzo filed a Motion to Dismiss pursuant to R.C. 2305.11(A) (the statute of limitations), Civ.R. 8(A), 12(B)(1) and 12(B)(6). In the alternative, DiRienzo moved for a more definite statement under Civ.R. 12(E). DiRienzo supported his motion with a memorandum. In response, appellant filed "SAVING CLAUSE AND ANSWER TO DIRIENZO MOTION, R.C. 2305.11A [sic], RULE 8(A); 12(B)(1) AND (B)" on December 18, 2002." Via Nunc Pro Tunc Judgment Entry filed December 30, 2002, the trial court granted DiRienzo's motion for a more definite statement and ordered appellant to provide said statement in accordance with Civ.R. 12(E).
 {¶ 4} On January 7, 2003, appellant filed a pleading entitled "DENIAL OF DUE PROCESS OF LAW, RULE 15(A), (E), DISCRETION OF COURT, FINDING BY COURT RULE 52," requesting conclusion of facts and conclusion of law or, alternatively, leave to amend pleading. This pleading was accompanied by a memorandum in support and a copy of an affidavit of appellant.
 {¶ 5} On January 9, 2003, Lehmiller filed her Motion to Dismiss or, in the alternative, for a More Definite Statement of Facts. Appellant responded by filing his "SAVING CLAUSE RESPONSE TO LEHMILLER MOTION TO DISMISS OR IN THE ALTERNATIVE MORE DEFINITE STATEMENT" on January 17, 2003. Via Judgment Entry filed January 29, 2003, the trial court granted Lehmiller's motion for a more definite statement and ordered appellant to provide said statement in accordance with Civ.R. 12(E). On February 7, 2003, appellant responded by filing his "AMEND AND SUPPLEMENT TO ORIGINAL PLEADING CIV. R. 15," supported by a memorandum and a copy of appellant's affidavit.
 {¶ 6} On February 13, 2003, the trial court filed a Nunc Pro Tunc Judgment Entry dismissing, without prejudice, appellant's complaint against DiRienzo. Therein, the trial court found appellant's January 7, 2003 pleading did not satisfy the trial court's December 30, 2002 Order to file a more definite statement pursuant to Civ.R. 12(E). Thereafter, on February 18, 2003, the trial court filed a Judgment Entry dismissing, without prejudice, appellant's complaint against Lehmiller. Therein, the trial court found appellant's February 7, 2003 pleading did not satisfy the January 29, 2003 Order to file a more definite statement pursuant to Civ.R. 12(E).
 {¶ 7} On February 24, 2003, appellant filed his Notice of Appeal from the trial court February 13, 2003 Judgment Entry dismissing, without prejudice, his complaint against DiRienzo. Appellant has not filed anything identified as an appellant's brief, but did file a Notice of Appeal on April 2, 2003, which the clerk of the court of appeals considered as the brief of appellant.
 {¶ 8} We begin by noting appellant first filed his notice of appeal from the trial court's February 18, 2003 Judgment Entry dismissing, without prejudice, his complaint against Lehmiller with the clerk of the court of appeals on April 2, 2003. However, such notice was not filed with the clerk of the trial court within the time allowed by App.R. 4. As such, we shall not address appellant's argument as it relates to Lehmiller because we lack jurisdiction to do so.
 {¶ 9} Contained within appellant's April 2, 2003 Notice of Appeal, is a section entitled "Brief For Fifth Appellate Judicial District." That section is then followed by a section captioned "MEMORANDUM IN SUPPORT OF ABUSE OF DISCRETION AND ABUSE OF PROCESS." Nowhere within either section does appellant present under a heading either a statement of assignments of error or a statement of the issues presented for review in accordance with App.R. 16. Such noncompliance is tantamount to failure to file an appellant's brief and entitles this Court to dismiss the appeal. See, App.R. 18(C). Nevertheless, we elect to address the merits of appellant's pro se argument as it relates to DiRienzo and characterize it as alleging the trial court abused its discretion in dismissing, without prejudice, his complaint against DiRienzo for failing to provide a more definite statement pursuant to Civ.R. 12(E).
 {¶ 10} Civ.R. 12(E) provides:
 {¶ 11} "(E) Motion for definite statement: If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a definite statement before interposing his responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within fourteen days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just."
 {¶ 12} The only pleading appellant filed within fourteen days of the trial court's December 30, 2002 Judgment Entry ordering him to provide a more definite statement as to DiRienzo was his January 7, 2003 pleading noted supra. The trial court specifically considered appellant's January 7, 2003 pleading and found it did not satisfy Civ.R. 12(E). We have reviewed appellant's response and we find the trial court did not abuse its discretion in so finding and dismissing, without prejudice, appellant's complaint against DiRienzo.[1]
 {¶ 13} Upon review of appellant's complaint against DiRienzo, we find it failed to provide a short and plain statement of appellant's claim showing he is entitled to relief and an appropriate demand for judgment as required by Civ.R. 8. The complaint is so vague and ambiguous that DiRienzo could not reasonably be required to frame a responsive pleading and the trial court correctly granted DiRienzo's motion for a more definite statement. Appellant's January 7, 2003 response does nothing to make more definite his claim of conspiracy or corrupt activity as it relates to DiRienzo.
 {¶ 14} The judgment of the Stark County Court of Common Pleas is affirmed.
By: Hoffman, J., Farmer, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] The appropriate standard of review to be employed by this Court in reviewing a trial court's ruling on a motion for a more definite statement and its dismissal of an action for failure to make a more definite statement is abuse of discretion. See Kreps v. Pesina (Aug. 11, 1995), Lucas App. No. L-94-212, unreported and Rudd v. City of Reading
(1940), 64 Ohio App. 308.